**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD<br>1200 18th Street NW, Suite 700<br>Washington, DC 20036,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>500 12th Street, SW<br>Washington, D.C. 20536<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br>245 Murray Lane, SW<br>Mail Stop 0485<br>Washington, DC 20528-0485<br><br>*Defendants*. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Case No. 1:25-cv-1878 |

**INTRODUCTION**

1.  This action under the Freedom of Information Act ("FOIA") seeks the timely release of agency records concerning the policies and directives of Defendants United States Immigration and Customs Enforcement ("ICE"), and United States Department of Homeland Security ("DHS") surrounding the release of people detained by ICE.

2.  The records sought are a matter of great public concern regarding the federal government's policy and/or directive for reviewing and approving the release of any noncitizen from ICE custody. The government spends billions of taxpayer dollars each year to fund ICE and their decision-making processes, which is consistently a topic of significant public debate.

1

However, much of the specific information about ICE's decision-making process for releasing noncitizens is unavailable to the public. The information Plaintiff seeks through these requests will contribute significantly to the public understanding of government conduct, specifically ICE custody determinations.

3.      Plaintiff National Immigration Project of the National Lawyers Guild ("National Immigration Project"), a non-profit, non-partisan civil liberties advocacy organization, submitted FOIA requests (the "Requests") to the Defendants on February 11, 2025, seeking the release of records relating to the process and/or directive for releasing noncitizens. To date, none of the Defendants have released any responsive records, notwithstanding the FOIA's requirement that agencies respond to requests within, at most, 30 working days.

4.      Plaintiff now asks the Court for injunctive and other appropriate relief requiring Defendants to conduct a thorough search for, and immediately process and release, any responsive records. Plaintiff also seeks an order enjoining Defendants from withholding non-exempt, responsive records.

**JURISDICTION AND VENUE**

5.      The Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–06.

6.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e). Plaintiff resides and has its principal place of business in this district—specifically at 1763 Columbia Road NW, Suite 175 #896645, Washington, DC 20009. Moreover, the documents and records Plaintiff seeks are located in this district.

**PARTIES**

7.      Plaintiff National Immigration Project is a national non-profit that provides technical and litigation support to immigrant communities, legal practitioners, and advocates seeking to advance the rights of noncitizens. The National Immigration Project provides training to the bar on immigration consequences of criminal conduct, is the author of four treatises on immigration law published by Thomson Reuters, and pursues litigation that aims to extend the rights of all noncitizens in the United States, regardless of immigration status. In addition, National Immigration Project staff present, and regularly publish practice advisories, on immigration law topics, which are disseminated to its members as well as to a large public audience through its website. The National Immigration Project also regularly publishes FOIA disclosures to the media and the public through its website.

8.      Defendant ICE is an agency of the U.S. government within the meaning of 5 U.S.C. § 551(1), 5 U.S.C. § 552(f), and 5 U.S.C. § 702. ICE has possession, custody, and control of the records that the National Immigration Project seeks.

9.      Defendant DHS is an agency of the U.S. government within the meaning of 5 U.S.C. § 551(1), 5 U.S.C. § 552(f), and 5 U.S.C. § 702. DHS has possession, custody, and control of the records that the National Immigration Project seeks.

**FACTUAL BACKGROUND**

10.     On February 11, 2025, the National Immigration Project submitted a FOIA Request to Defendants (**Exhibit A**), seeking the following:

> (a) A copy of the policy, written directive, memoranda, or other written guidance including email created, modified, sent, received or collected by ICE

describing the requirement that the acting ICE director[1] personally approve every noncitizen's release from ICE custody.

(b) Data regarding the detained noncitizens awaiting review from the acting ICE director for their releases, as of the date the search for the data is conducted:

    a. The total number of detained noncitizens awaiting release approval by the acting ICE director;

    b. The number of detained noncitizens awaiting release approval by the acting ICE director who were granted asylum by an Immigration Judge;

    c. The number of detained noncitizens awaiting release approval by the acting ICE director who were granted withholding of removal or protection under the Convention Against Torture by an Immigration Judge;

    d. The number of detained noncitizens awaiting release approval by the ICE director who were granted Cancellation of Removal by an Immigration Judge;

    e. The number of detained family units awaiting release approval by the acting ICE director;

    f. The number of detained *J.O.P v. DHS* class members awaiting release approval by the acting ICE director;

    g. The number of detained noncitizens awaiting release approval by the ICE director whose bond has been paid as evidenced by an executed ICE Form I-352;

    h. The number of detained noncitizens awaiting release approval by the acting ICE director whose removal proceedings were terminated by an Immigration Judge and DHS did not reserve appeal; and

    i. The location of each detained noncitizen awaiting release approval by the acting ICE director.

(c) Data regarding the noncitizens previously impacted by the acting ICE director's review of their custody, from January 20, 2025 through the date the search is conducted:

---

[1] This term, here and elsewhere, includes Acting ICE Director Caleb Vitello or anyone else in this role as well as any person appointed to the ICE Director role.

4

a. The total number of detained noncitizens denied release by the acting ICE director;

b. The number of days from when each noncitizen was eligible for release to when the acting ICE director denied release;

c. The location of each detained noncitizen who was denied release by the acting ICE director;

d. The total number of noncitizens released from ICE custody following the ICE director's review and approval;

e. The number of detained noncitizens who were granted asylum by an Immigration Judge and were released from ICE custody following the acting ICE director's review and approval;

f. The number of detained noncitizens who were granted withholding of removal or protection under the Convention Against Torture by an Immigration Judge and were released from ICE custody following the acting ICE director's review and approval;

g. The number of detained noncitizens who were granted Cancellation of Removal by an Immigration Judge and were released from ICE custody following the acting ICE director's review and approval;

h. The number of detained family units who were released from ICE custody following the acting ICE director's review and approval;

i. The number of detained *J.O.P v. DHS* class members who were released from ICE custody following the acting ICE director's review and approval;

j. The number of detained noncitizens whose bond was paid as evidenced by an executed ICE Form I-352 and who were released from ICE custody following the acting ICE director's review and approval;

k. The number of detained noncitizens whose removal proceedings were terminated by an Immigration Judge and DHS did not appeal who were released from ICE custody following that acting ICE director's review and approval;

l. Where each noncitizen was detained prior to their release from ICE custody following acting ICE director's review and approval; and

m. For each category (3)(e) through (3)(k), the number of days from when the noncitizen was eligible for release to when the acting ICE director approved the noncitizen's release.

5

11. Plaintiff sought a waiver of search, review, and reproduction fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to the public understanding of government conduct, specifically ICE custody determinations." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k); 28 C.F.R. § 16.10(k).

12. Plaintiff also sought a waiver of search and review fees on the grounds that the National Immigration Project requests the information for "the purpose of disseminating it to members of the public and the organization's members" and that the records are "not for the purpose of commercial gain." 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 6 C.F.R. § 5.11(d)(1); 28 C.F.R. §§ 16.10(c)(1)(i), (d)(1).

13. In addition, Plaintiff sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E), 6 C.F.R. § 5.5(e), and 28 C.F.R. § 16.5(e) because there is a "compelling need" for these records. As an organization that routinely disseminates information to the public and advocates for government transparency and accountability, especially as to potential government abuses of civil rights and civil liberties, Plaintiff has an urgent need to obtain these records so it can inform the public about the federal government's activities with respect to its treatment of noncitizens.

### Defendants' Responses to the FOIA Requests

14. ICE and DHS collectively responded to the FOIA request attached as Exhibit A on February 27, 2025, by email. This response denied Plaintiff's request for expedited processing, granted Plaintiff's request for a fee waiver, and invoked a 10-business-day extension for both DHS and ICE's response under 5 U.S.C. § 552(a)(6)(B). (**Exhibit B**).

15. ICE and DHS have produced no records or any other response. To date, neither ICE nor DHS has released responsive records nor explained its basis for withholding them.

16. Plaintiff has exhausted all administrative remedies because ICE and DHS have failed to comply with the time limit of 30 working days to respond to the Request under the FOIA.

## Statutory Requirements

17. "The Freedom of Information Act was enacted to facilitate public access to government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and hold the governors accountable to the governed." *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

18. With that purpose in mind, the FOIA statute requires federal agencies like Defendants to disclose records within 20 working days in response to FOIA Requests. 5 U.S.C. § 552(a)(6)(A)(i).

19. An agency determination under FOIA "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013). An acknowledgement of receipt noting that the request is being processed is not a determination under the FOIA statute because "it is not enough that, within the relevant time period, the agency simply decide to later decide." *Id*.

20. An agency must timely notify requestors of its determination and the reasons for it and, in the case of an adverse determination, the right to administratively appeal. 5 U.S.C. § 552(a)(6)(B)(ii).

21. If there are "unusual circumstances," an agency may extend the time limit by no more than 10 working days. *Id.* § 552(a)(6)(B)(i). To invoke that extension, the agency must provide "written notice . . . setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.*

22. An agency can extend its processing time beyond the additional 10 days only if it provides written notice and "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).

23. More than 30 working days have passed since Defendants DHS and ICE invoked the 10-day extension, but those Defendants still have not provided any records. The statutory time period has elapsed for all Defendants.

24. A district court has jurisdiction to enjoin an agency from withholding records and to order production of records that are subject to disclosure. 5 U.S.C. § 552(a)(4)(B).

25. FOIA also allows for requesters to ask for expedited processing of their request for records if they can demonstrate a compelling need. 5 U.S.C. §552(a)(6)(E)(i). The term "compelling need" applies to requesters who are primarily engaged in disseminating information and possess the urgency to inform the public concerning actual or alleged Federal government activity. 5 U.S.C. § 552(a)(6)(E)(v)(II).

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Against All Defendants)**

**5 U.S.C. § 552(a)(6)(A)**
**Failure to Timely Respond to the Requests**

26. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

27. Plaintiff properly submitted the FOIA Requests on February 11, 2025, requesting records within the possession, custody, and control of Defendants.

28. Defendants are obligated under 5 U.S.C. § 552(a)(3) to produce records responsive to Plaintiff's FOIA Requests.

29. To date, Defendants have not provided a determination on the FOIA Requests for disclosure of the requested records to Plaintiff.

30. No basis exists for Defendants' failure to provide a response to Plaintiff's Requests.

31. Defendants' failure to provide a determination within the statutory period is a violation of 5 U.S.C. § 552(a)(6)(A) and the agencies' corresponding regulations. By failing to disclose and release the requested records, Defendants have violated Plaintiff's rights to Defendants' records under 5 U.S.C. § 552.

**SECOND CLAIM FOR RELIEF**
**(Against All Defendants)**

**5 U.S.C. § 552(a)(3)(A)-(D)**
**Failure to Make a Reasonable Effort to Search for and Promptly Release Records**

32. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

33. Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

34. Upon information and belief, Defendants have in their possession responsive documents, including those specifically identified in Plaintiffs' Requests, that they have failed to produce.

35. Defendants' failure to make a reasonable effort to search for records responsive to the Requests violates the FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

### THIRD CLAIM FOR RELIEF
**(Against All Defendants)**

**5 U.S.C. § 552(a)(3)(A)-(D), (a)(8)(A), (b)**
**Failure to Promptly Release Non-Exempt Records**

36. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

37. Defendants are agencies subject to and within the meaning of FOIA, and they must therefore promptly release all non-exempt records.

38. Upon information and belief, Defendants have in their possession responsive, non-exempt documents, including those specifically identified in Plaintiffs' Requests, that they have failed to produce.

39. Defendants' withholding of non-exempt agency records subject to the Request violates the FOIA, 5 U.S.C. § 552, and Defendants' corresponding regulations.

### FOURTH CLAIM FOR RELIEF
**(Against All Defendants)**

**5 U.S.C. § 552(a)(6)(E)**
**Failure to Process Plaintiff's Requests Expeditiously and as Soon as Practicable**

40. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

41. Defendants are agencies subject to and within the meaning of FOIA, and they must therefore release all responsive, non-exempt records in an expedited timeframe when a basis exists to do so.

42. Plaintiff is primarily engaged in disseminating information to the public. Plaintiff has the ability and intention to widely disseminate the requested information through a variety of sources, including reports, newsletters, news briefings, right-to-know handbooks, and other materials, to the public at no cost. Indeed, obtaining information about government activity, analyzing that information, and widely publishing and disseminating that information to the press

and public are critical and substantial components of the National Immigration Project's work and are among its primary activities.

43. The requested records pertain to the federal government's immigration detention and deportation network and the ways in which DHS spends its significant detention budget. This is a matter of widespread media and public interest, and the requested records will inform the public of pressing and urgent federal governmental activities, actual or alleged.

44. Defendants' failure to process Plaintiff's Requests expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

    a) Declare that Defendants' failure to respond and produce the requested records is unlawful;

    b) Order Defendants to conduct a full, adequate, and expedited search for all responsive records;

    c) Order Defendants to immediately and expeditiously process and release any responsive records;

    d) Declare that the requested Records are not exempt from disclosure under the Freedom of Information Act;

    e) Enjoin Defendants from withholding non-exempt, responsive records;

    f) Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

    g) Grant such other relief as the Court deems just and proper.

Respectfully submitted this 17 day of June, 2025,

*/s/ Jaime A. Santos*
Jaime A. Santos (DC Bar No. 1047905)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036-1612
Tel: +1 202 346-4000
Fax: +1 202 346-4444
*JSantos@goodwinlaw.com*

Linnea Cipriano (NY Bar No. 4913158)*
Jeremy Knight (NY Bar No. 6047260)*
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: +1 212 813 8800
Fax: +1 212 355 3333
*LCipriano@goodwinlaw.com*
*JKnight@goodwinlaw.com*

**Pro hac vice* application forthcoming*

Matthew Vogel (LA Bar No. 35363)*†
Yulie Landan (CA Bar No. 348958)*+
National Immigration Project
1763 Columbia Rd. NW
Suite 175 #896645
Washington, DC 20009
(504) 569-5650
*matt@nipnlg.org*
*yulie@nipnlg.org*

**Pro hac vice* application forthcoming*
† Not admitted in DC; working remotely from and admitted in Louisiana only
+ Not admitted in DC; working remotely from New York and admitted in California only

*Counsel for Plaintiff*