UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD,<br><br>　　　　　　*Plaintiffs,*<br>　v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>　　　　　　*Defendants.* | Civil Action No. 25-cv-01878 (JMC) |

## ANSWER

Defendants, the Department of Homeland Security ("DHS"), and Immigration and Customs Enforcement ("ICE" and, together with DHS, "Defendants"), by and through undersigned counsel, respectfully submits the following Answer to Plaintiffs' Amended Complaint filed in this action arising under the Freedom of Information Act ("FOIA") (ECF No. 9).

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Amended Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

# INTRODUCTION [1]

1.      The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of the action to which no response is required.

2-5.      The allegations contained in Paragraphs 2 through 5 consist of Plaintiffs' characterization of an Executive Order issued by the President to which no response is required.

6.      The allegations contained in Paragraph 6 consist of Plaintiffs' characterizations regarding Defendants' adherence to an Executive Order issued by the President to which no response is required.

7.      Defendants admits that Plaintiffs submitted FOIA requests on February 11, 2025, and May 1, 2025, respectively, that are the subject of this litigation. The remainder of the allegations contained in Paragraph 7 consist of Plaintiffs' characterization of the FOIA requests to which no response is required.

8.      The allegations contained in Paragraph 8 consist of Plaintiffs' characterization of the FOIA requests to which no response is required.

9-11.      The allegations contained in Paragraph 9 consist of Plaintiffs' conclusions of law and characterizations of this action to which no response is required.

## JURISDICTION AND VENUE

12.      The allegations contained in Paragraph 12 consist of Plaintiffs' conclusions of law regarding jurisdiction, to which no response is required.

---

[1]      For ease of reference, Defendants' Answer replicates the headings contained in the Amended Complaint. Although Defendants believe that responses to headings in the Amended Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Amended Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

13.     The allegations contained in Paragraph 13 consist of Plaintiffs' conclusions of law regarding venue, to which no response is required.

## PARTIES

14.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph.

16.     ICE admits that it is a federal agency for purposes of the FOIA, that it is a component of the Department of Homeland Security. The remainder of the allegations in Paragraph 16 consist of legal conclusions, to which no response is required.

17.     DHS admits that it is a federal agency for purposes of the FOIA The remainder of the allegations in Paragraph 17 consist of legal conclusions, to which no response is required.

## FACTUAL BACKGROUND

### Parole and Release from Immigration Detention

18-22.  To the extent the allegations of Paragraphs 18 through 22 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### New Policy Guidance

19-31.  To the extent the allegations of Paragraphs 19 through 31 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some

public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).   The allegations contained in Paragraph 24 do not set forth a claim for relief or aver facts in support of a claim, to which no response is required. To the extent that Paragraph 24 is deemed to allege facts to which a response is required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

**Plaintiffs' Requests Under the FOIA**

32.     The allegations contained in Paragraph 31 consist of Plaintiffs' characterization of the FOIA requests to which no response is required.

33-36. To the extent the allegations of Paragraphs 33 through 36 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).   The allegations contained in Paragraph 24 do not set forth a claim for relief or aver facts in support of a claim, to which no response is required. To the extent that Paragraph 24 is deemed to allege facts to which a response is required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

37-41. The allegations contained in Paragraphs 37 through 41 consist of Plaintiffs' characterization of the FOIA requests to which no response is required.

### Defendants' Responses to the FOIA Requests

42.     The allegations contained in Paragraph 42 consist of Plaintiffs' characterization of Defendants' responses to the FOIA requests to which no response is required.

43-44. The allegations contained in Paragraphs 43 through 44 consist of Plaintiffs' conclusions of law to which no response is required.

45.     The allegations contained in Paragraph 45 consist of Plaintiffs' characterization of Defendants' responses to the FOIA requests to which no response is required

46.     The allegations contained in Paragraph 46 consist of Plaintiffs' characterization of email correspondence received from Defendants to which no response is required

47-48. The allegations contained in Paragraphs 47 through 48 consist of Plaintiffs' conclusions of law to which no response is required.

### Statutory Requirements

49-57. The allegations contained in Paragraphs 49 through 57 consist of conclusions of law, to which no response is required.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Against All Defendants)**

**5 U.S.C. § 552(a)(3)(A)-(D)**
**Failure to Make a Reasonable Effort to Search for Responsive Records**

58.     Defendants incorporate their responses to all preceding paragraphs as if set forth fully herein.

59-62. The allegations contained in Paragraphs 59 through 62 allegations consist of Plaintiffs' conclusions of law to which no response is required.

## SECOND CLAIM FOR RELIEF
### (Against All Defendants)

### 5 U.S.C. § 552(a)(3)(A), (a)(8)(A), (b)
### Failure to Promptly Release Non-Exempt Records

63.     Defendants incorporate their responses to all preceding paragraphs as if set forth fully herein.

64-66  . The allegations contained in Paragraphs 64 through 66 consist of Plaintiffs' conclusions of law to which no response is required.

## THIRD CLAIM FOR RELIEF
### (Against All Defendants)

### 5 U.S.C. § 552(a)(6)(E)
### Failure to Process Plaintiff National Immigration Project's Requests Expeditiously

67.     Defendants incorporate their responses to all preceding paragraphs as if set forth fully herein.

68.     The allegations contained in Paragraph 68 consist of Plaintiffs' conclusions of law to which no response is required.

69.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 69.

70-71. The allegations contained in Paragraphs 70 through 71 consist of Plaintiffs' conclusions of law to which no response is required.

## FOURTH CLAIM FOR RELIEF
### (Against All Defendants)

### 5 U.S.C. § 552(a)(4)(A)(iii)
### Failure to Award a Fee Waiver

72.     Defendants incorporate their responses to all preceding paragraphs as if set forth fully herein.

73-74. The allegations contained in Paragraphs 73 through 74 consist of Plaintiffs' conclusions of law to which no response is required.

## REQUESTED RELIEF

The allegations following the "Wherefore" clause of Plaintiffs' Amended Complaint constitute Plaintiffs' requests for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Amended Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Amended Complaint become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

Defendants are entitled to invoke all exemptions and other defenses available under the FOIA and the Privacy Act.

## SECOND DEFENSE

Plaintiffs are not entitled to compel the production of responsive records protected from disclosure by any applicable FOIA exemptions or exclusions 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under the FOIA.

## FOURTH DEFENSE

At all times alleged in the Amended Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendants to process Plaintiffs' FOIA requests.

## FIFTH DEFENSE

Defendants may have additional defenses which are not known at this time, but which may become known. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

As to some or all of the claims asserted in this action, Plaintiffs have failed to state a claim upon which relief may be granted under FOIA.

## SEVENTH DEFENSE

Plaintiffs are not entitled to attorneys' fees or costs.

## EIGHTH DEFENSE

To the extent the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

## NINTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging

information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## TENTH DEFENSE

Plaintiffs' FOIA requests do not reasonably describe the records sought and therefore do not comply with the FOIA and/or do not trigger a search or production obligation.

Dated: December 2, 2025
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____ /s/ *Fithawi Berhane* _____
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*