# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD, et al.,<br><br>*Plaintiffs,*<br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>*Defendants.* | Civil Action No. 25-cv-01878 (JMC) |

**ANSWER**

Defendants, the Department of Homeland Security ("DHS"), and Immigration and Customs Enforcement ("ICE" and, together with DHS, "Defendants"), by and through undersigned counsel, respectfully submit the following Answer to Plaintiffs' Amended Complaint (the "Complaint") filed in this action arising under the Freedom of Information Act ("FOIA") (ECF No. 9).

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

## INTRODUCTION [1]

1. The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of the action to which no response is required.

2-5. The allegations contained in Paragraphs 2 through 5 consist of Plaintiffs' characterization of an Executive Order issued by the President to which no response is required. To the extent any response is required, Defendants refer the Court to the referenced Executive Order for a complete and accurate statement of its contents and deny any allegations inconsistent with the content of the Executive Order.

6. The allegations contained in Paragraph 6 do not set forth claims of relief or aver facts necessary to assert a claim under FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7. Defendants admits that Plaintiffs submitted FOIA requests on February 11, 2025, and May 1, 2025, respectively, that are the subject of this litigation. The remainder of the allegations contained in Paragraph 7 consist of Plaintiffs' characterization of the FOIA requests to which no response is required. To the extent any response is required, Defendants refer the Court to the referenced requests for a complete and accurate statement of their contents and deny any allegations inconsistent with the content of the requests.

8. The allegations contained in Paragraph 8 assert conclusions of law and otherwise characterize the information sought in Plaintiffs' requests to which no response is required.

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

9-11.    The allegations contained in Paragraphs 9-11 consist of Plaintiffs' conclusions of law and request for relief to which no response is required. To the extent any response is required, Defendants admit only that, as of the filing date of this action, they have not provided a determination on Plaintiffs' requests or produced documents in response to the requests.

## JURISDICTION AND VENUE

12.    The allegations contained in Paragraph 12 consist of Plaintiffs' conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving a proper FOIA request, subject to the terms and limitations of FOIA.

13.    The allegations contained in Paragraph 13 consist of Plaintiffs' conclusions of law regarding venue, to which no response is required. To the extent any response, Defendants admit that venue lies in this judicial district for a proper claim under FOIA.

## PARTIES

14.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph.

15.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph.

16.    ICE admits that it is a component of the DHS, which is a federal agency for purposes of the FOIA. The remainder of the allegations in Paragraph 16 consist of legal conclusions, to which no response is required.

17.    DHS admits that it is a federal agency for purposes of the FOIA The remainder of the allegations in Paragraph 17 consist of legal conclusions, to which no response is required.

## FACTUAL BACKGROUND

### Parole and Release from Immigration Detention

18-22. To the extent the allegations of Paragraphs 18 through 22 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### New Policy Guidance

19-31. To the extent the allegations of Paragraphs 19 through 31 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). In further response, Defendants respectfully refer the Court to the cited authorities in Paragraph 24 for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

### Plaintiffs' Requests Under the FOIA

32. The allegations contained in Paragraph 31 consist of Plaintiffs' characterization of the FOIA requests to which no response is required. To the extent any response is required, Defendants refer the Court to the referenced requests for a complete and accurate statement of their contents and deny any allegations inconsistent with the content of the requests.

33-36. To the extent the allegations of Paragraphs 33 through 36 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

37-41. Defendants admit that Plaintiff National Immigration Project submitted a FOIA request dated February 11, 2025 to ICE that is attached as Exhibit A to the Complaint and that Plaintiff American Immigration Council submitted a FOIA request dated May 1, 2025 to ICE that is attached as Exhibit B to the Complaint. In further response to the allegations in these paragraphs, Defendants refer the Court to the referenced requests for a complete and accurate statement of their contents and and deny any allegations in these paragraphs that are inconsistent with the content of the requests.

### Defendants' Responses to the FOIA Requests

42. Defendants admit that ICE acknowledged receipt of the February 11, 2025 request by email dated February 27, 2025, which is attached as Exhibit C to the Complaint. Defendants refer the Court to that email for a complete and accurate statement of its contents and deny any allegations in this paragraph that are inconsistent with the content of that email.

43. Defendants admit that, as of the filing date of this action, Defendants have not made a determination on the February 27, 2025 request or produced documents in response to the request. Defendants deny any implication in this paragraph of an alleged violation of FOIA.

44.     The allegations contained in this paragraph consist of Plaintiffs' conclusions of law to which no response is required.

45-46.  Defendants admit that ICE acknowledged receipt of the May 1, 2025 request by email dated May 7, 2025 that is attached as Exhibit D to the Complaint. Defendants refer the Court to the referenced email for a complete and accurate statement of its contents and deny any allegations in these paragraphs that are inconsistent with the content of that email.

47.     Defendants admit that, as of the filing date of this action, Defendants have not made a determination on the May 1, 2025 request or produced documents or produced documents in response to the request. Defendants deny any implication in this paragraph of an alleged violation of FOIA.

48.     The allegations contained in Paragraph 48 consist of Plaintiffs' conclusions of law to which no response is required.

## Statutory Requirements

49-57.  The allegations contained in Paragraphs 49 through 57 consist of conclusions of law, to which no response is required.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Against All Defendants)

### 5 U.S.C. § 552(a)(3)(A)-(D)
### Failure to Make a Reasonable Effort to Search for Responsive Records

58.     Defendants incorporate their responses to all preceding paragraphs as if set forth fully herein.

59.     Defendants admit that DHS is an agency subject to FOIA and that ICE is a component of DHS. The remaining allegations in this paragraph assert conclusions of law to which no response is required.

60. In response to the allegations in this paragraph, Defendant states that ICE has not yet completed its search in response to the FOIA requests and, accordingly, at this time lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to whether responsive records exist in its possession. The remaining allegations in this paragraph assert conclusions of law to which no response is required.

59-62. The allegations contained in Paragraphs 61 through 62 allegations consist of Plaintiffs' conclusions of law to which no response is required. To the extent any response is required, Defendants deny any allegation that they have violated FOIA.

## SECOND CLAIM FOR RELIEF
**(Against All Defendants)**

**5 U.S.C. § 552(a)(3)(A), (a)(8)(A), (b)**
**Failure to Promptly Release Non-Exempt Records**

63. Defendants incorporate their responses to all preceding paragraphs as if set forth fully herein.

64. Defendants admit that DHS is an agency subject to FOIA and that ICE is a component of DHS. The remaining allegations in this paragraph assert conclusions of law to which no response is required.

65. In response to the allegations in this paragraph, Defendant states that ICE has not yet completed its search in response to the FOIA requests and, accordingly, at this time lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to whether responsive, non-exempt records subject to FOIA exist in its possession. The remaining allegations in this paragraph assert conclusions of law to which no response is required.

66. This paragraph asserts conclusions of law to which no response is required. To the

extent any response is required, Defendants deny any allegations that they have violated FOIA.

### THIRD CLAIM FOR RELIEF
### (Against All Defendants)

### 5 U.S.C. § 552(a)(6)(E)
### Failure to Process Plaintiff National Immigration Project's Requests Expeditiously

67. Defendants incorporate their responses to all preceding paragraphs as if set forth fully herein.

68. . Defendants admit that DHS is an agency subject to FOIA and that ICE is a component of DHS. The remaining allegations in this paragraph assert conclusions of law to which no response is required.

69-71. The allegations contained in Paragraphs 69 through 71 consist of Plaintiffs' conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in these paragraphs that National Immigration Project's request was entitled to expedited processing.

### FOURTH CLAIM FOR RELIEF
### (Against All Defendants)

### 5 U.S.C. § 552(a)(4)(A)(iii)
### Failure to Award a Fee Waiver

72. Defendants incorporate their responses to all preceding paragraphs as if set forth fully herein.

73-74. The allegations contained in Paragraphs 73 through 74 consist of Plaintiffs' conclusions of law to which no response is required. To the extent any response is required,

Defendants deny that ICE failed to grant National Immigration Council's request for a fee waiver and otherwise denies any allegation that Defendants have violated FOIA.

## REQUESTED RELIEF

The allegations following the "Wherefore" clause of Plaintiffs' Complaint constitute Plaintiffs' requests for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

Plaintiffs are not entitled to compel the production of responsive records protected from disclosure by any applicable FOIA exemptions or exclusions 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under the FOIA.

**THIRD DEFENSE**

At all times alleged in the Amended Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendants to process Plaintiffs' FOIA requests.

**FOURTH DEFENSE**

Plaintiffs are not entitled to attorneys' fees or costs.

**FIFTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

**SIXTH DEFENSE**

Plaintiffs' FOIA requests are not valid requests to the extent they do not reasonably describe the records sought or would be unduly burdensome to process..

| | |
|---|---|
| Dated: December 2, 2025<br>Washington, DC | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By:       /s/ *Fithawi Berhane*<br>FITHAWI BERHANE<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-6653<br>Fithawi.Berhane@usdoj.gov<br><br>*Attorneys for the United States of America* |