IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-01878-JMC |

## JOINT STATUS REPORT

On December 19, 2025, the Court directed the parties to "file another joint status report by February 10, 2026," and noted that the parties "can include their respective, or agreed upon, proposals for processing records in that report." Pursuant to the Court's December 19, 2025, Minute Order, the parties have conferred and respectfully submit the following Joint Status Report ("JSR").

This Freedom of Information Act ("FOIA") action concerns two requests Plaintiffs submitted to the United States Immigration and Customs Enforcement ("ICE"). Plaintiff National Immigration Project submitted a FOIA request for records relating to policies and directives requiring the acting ICE director to personally approve every noncitizen's release from ICE custody. Plaintiff American Immigration Council submitted a second FOIA request for records implementing Presidential Proclamation 10,888 and Executive Order 14,165. *See* ECF No. 9, Compl. ¶¶ 7, 37-38.

1

**Plaintiffs' Position Statement**

Defendants completed their first and only interim release to Plaintiffs on December 15, 2025, producing 16 pages and one Excel spreadsheet. On January 8, 2026, Plaintiffs emailed Defendants some initial concerns about Defendants' claimed withholdings, particularly the agency's decision to withhold working law under Exemption 5 and the identities of publicly known agency officials under Exemptions 6 and 7(C). Plaintiffs also expressed concern about the adequacy of ICE's searches since the interim release did not contain records responsive to most parts of their requests, particularly those pertaining to parole, bond and custody determinations, and re-detention. Defendants have acknowledged, but have not responded to, Plaintiffs' concerns and requests for clarification.

Defendants previously represented in the parties' December 17, 2025 JSR that there was one remaining outstanding search being finalized by an agency component, which would be processed for release if the search returned potentially responsive records. ECF No. 14. Defendants further represented that they would provide Plaintiffs with a timeline for completion of the remaining search no later than January 7, 2026. Plaintiffs twice followed up with Defendants, but Defendants did not provide a timeline for the completion of their search in accordance with the parties' December 17, 2025 JSR until today, February 10, 2026, and continue to refuse to propose any firm deadlines at all for their searches and production. Without deadlines (that may be extended for good cause), processing, meeting and conferring, and all other aspects of litigation will continue to drag as they have to date. This is despite the fact that the need for the information requested is time sensitive, as developments reported on in the news continue to demonstrate.

1. **Record Processing Schedule**

Plaintiff National Immigration Project requested expedited processing of their request. *See* ECF No. 9, ¶ 41. Moreover, there has been increasing public interest in, and need to understand, ICE's detention practices, as evidenced by the ongoing media coverage concerning ICE detention practices. Thus, the following processing schedule is proposed to ensure the prompt release of responsive records:

- Defendants will complete all searches by **February 27, 2026**, and provide Plaintiffs with a description of those searches by that date. The description shall identify who performed the searches; the servers, email accounts, and other repositories searched; the method of the search (manual or electronic); and the keywords for any electronic search.

- Defendants' final production will be completed by **April 30, 2026**, with productions taking place on a rolling basis from February 27, 2026 through April 30, 2026.

2. **Summary Judgment Schedule**

Plaintiffs propose the following summary judgment briefing:

- Defendants' Vaughn Index: **May 29, 2026**

- Defendants' Motion for Summary Judgment: **July 17, 2026**

- Plaintiffs' Opposition and Cross-Motion for Summary Judgment, if any: **August 14, 2026**

- Defendants' Reply and Opposition to Cross-Motion: **September 15 , 2026**

- Plaintiffs' Reply: **October 13, 2026**

**Defendant's Position Statement**

Defendants concur with Plaintiff that they completed their first and only interim release to Plaintiffs on December 15, 2025, producing 16 pages and one Excel spreadsheet. Beyond that, Defendants also acknowledge that on January 8, 2026, Plaintiffs emailed Defendants various questions regarding Defendants' claimed withholdings, particularly the agency's decision to withhold working law under Exemption 5 and the identities of publicly known agency officials under Exemptions 6 and 7(C). Plaintiffs also expressed concern about the adequacy of ICE's searches since the interim release did not contain records responsive to most parts of their requests, particularly those pertaining parole, bond and custody determinations, and re-detention. Defendants, however, object to the characterization that they failed to respond to Plaintiffs' concerns and requests for clarification, since the undersigned counsel for Defendants explained on more than one occasion that while he would forward Plaintiffs' questions to the agency counsel, the questions Plaintiffs were posing amount to a premature request for information that would ordinarily only be included in a *Vaughn* index and declaration. Defendants also note their objection to Plaintiffs' position statement inasmuch as it renews their premature requests for a comprehensive search description, *Vaughn* index, and summary judgment briefing schedule before the searches for responsive records have even been concluded. Defendants cannot commit to any firm deadline for providing such items until after the searches and productions have been completed, and Defendants further point out that they are not even obligated to provide items such as a *Vaughn* index outside of the context of summary judgment briefing.

With the above being said, Defendants instantly expect that their search will be completed by February 27, 2026. Defendants will alert Plaintiffs if they require additional time, and after the searches are complete, Defendants will confer with Plaintiff about a production schedule.[1]

---

[1] Defendants reserve the right to supplement their position statement to respond to new material added to their position statement, which was sent to the undersigned counsel for Defendants near the close of business, and as a result, agency counsel was not able to review. With this footnote, the undersigned does not intend to cast any blame on Plaintiffs, since they circulated a draft Joint Status Report on February 5, 2026, to which Defendants were not able to respond until the morning of February 10, 2026.

Dated: February 10, 2026

Respectfully submitted,

*/s/Fithawi Berhane*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*

/s/ *Jaime A. Santos*
Jaime A. Santos (DC Bar No. 1047905)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036-1612
Tel: +1 202 346-4000
Fax: +1 202 346-4444
JSantos@goodwinlaw.com

Linnea Cipriano (NY Bar No. 4913158)*
Lauren Kuehn Pelletier (NY Bar No. 5581160)*
Olubukola Ayetiwa (NY Bar No. 6063523)*
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: +1 212 813 8800
Fax: +1 212 355 3333
LCipriano@goodwinlaw.com
LPelletier@goodwinlaw.com
OAyetiwa@goodwinlaw.com

*Pro hac vice application forthcoming

*Counsel for Plaintiffs*

Yulie Landan (CA Bar No. 348958)*+
National Immigration Project
1763 Columbia Rd. N.W.
Suite 175 #896645
Washington, DC 20009
(504) 569-5650
yulie@nipnlg.org

*Pro hac vice application forthcoming
† Not admitted in DC; working remotely from and admitted in Louisiana only
+ Not admitted in DC; working remotely from New York and admitted in California only

*Counsel for Plaintiff National Immigration Project*

Chris Opila (DC Bar No. 90029724)
Raul A. Pinto (DC Bar No. 90013180)
AMERICAN IMMIGRATION COUNCIL
PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036,
(202) 507-7699
copila@immcouncil.org
rpinto@immcouncil.org

*Counsel for Plaintiff American Immigration Council*