**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL IMMIGRATION PROJECT OF
THE NATIONAL LAWYERS GUILD, *et al.*,

      *Plaintiffs*,

v.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT, *et al.*,

      *Defendants*.

Case No. 1:25-cv-01878-JMC

**JOINT STATUS REPORT**

On February 12, 2026, the Court directed the parties to "file another joint status report by March 13, 2026," and noted that the parties "can include their respective, or agreed upon, proposals for processing records in that report." *See* February 12, 2026 Minute Order. The parties have conferred and respectfully submit the following Joint Status Report ("JSR").

This Freedom of Information Act ("FOIA") action concerns two requests Plaintiffs submitted to the United States Immigration and Customs Enforcement ("ICE"). Plaintiff National Immigration Project submitted a FOIA request for records relating to policies and directives requiring the acting ICE director to personally approve every noncitizen's release from ICE custody. Plaintiff American Immigration Council submitted a second FOIA request for records implementing Presidential Proclamation 10,888 and Executive Order 14,165. *See* ECF No. 9, Compl. ¶¶ 7, 37-38.

1

**Plaintiffs' Position Statement**

In the parties' February 10, 2026 JSR, the parties agreed that Defendants would complete their searches in response to Plaintiffs' Requests no later than February 27, 2026. *See* ECF No. 15. The Court relied on the parties' agreed-upon deadline, ordering that while Plaintiffs provided additional proposed deadlines for production and subsequent summary judgment briefing, the Court would "allow the Defendants to complete their search before considering the Parties' proposals as to production and briefing deadlines." *See* February 12, 2026 Minute Order.

To date, Defendants have not complied with their February 27, 2026 deadline to complete their searches in response to Plaintiffs' FOIA Requests, nor have they provided any description of their searches to date.  Plaintiffs have repeatedly followed up with Defendants, seeking confirmation of when Defendants expect to complete their searches after Defendants failed to meet the February 27, 2026 deadline they requested.  Despite Plaintiffs' repeated efforts to seek further clarification as to the status of Defendants' searches, no information has been provided. Defendants should not be permitted to repeatedly neglect their obligations pursuant to orders from this Court and as required by FOIA.

1. **This Court should not grant Defendants relief from the deadline to complete their searches.**

Defendants knew of the lapse in appropriations as of at least February 14, 2026, but waited until after business hours on March 12 to raise their request for a stay with Plaintiffs.  Executive Branch guidance contemplates that agencies may seek a stay during a lapse in appropriations, but "[i]f a court denies" a stay request "and orders a case to continue, the Government will comply with the court's order."  *See* U.S. Dep't of Justice, FY2026 Contingency Plan, at 2–3 (Sept. 29, 2025), https://tinyurl.com/bdest7tj.  Indeed, Defendants have followed this guidance in other cases. *See e.g.*, *Democracy Forward Foundation v. U.S. DHS et al*, No. 25-4089 (D.D.C.), Defs' Motion

to Stay, ECF No. 15 (Defendants DHS and ICE's Motion to Stay or, in the Alternative, for Extension of Time (Mar. 3, 2026)).  Here, however, Defendants first let the court deadline pass and now refer to the lapse in appropriations to justify their failure to complete their searches. Defendants should not be permitted to ignore the Court's deadline while leaving Plaintiffs with the expectation that the deadlines will be met as ordered.

Defendants seem to be taking the position that additional time is necessary due to the shutdown, but courts are continuing to require DHS and ICE to meet their FOIA obligations during the lapse in appropriations.  *See e.g.*, *Democracy Forward Foundation v. U.S. DHS et al*, No. 25-4089 (D.D.C.), March 5, 2026, Minute Order ("Defendant Immigration and Customs Enforcement shall complete an initial search and collection for records potentially responsive to Plaintiff's ICE training materials request by March 9, 2026.");  *Latino Justice Prldef et al v. U.S. Immigration and Customs Enforcement et al.*, No. 25-8516 (S.D.N.Y.), Order Setting Meet and Confer Regarding the Search and Processing of Records and MSJ Briefing, ECF No. 50  ("By April 17, 2026, Defendants shall file an opposition .... if the lapse in appropriations for the [DHS] and/or [ICE] has not concluded .... DHS and/or ICE shall make one employee available to participate").  As such, the lapse in appropriations does not automatically excuse Defendants from their FOIA obligations in this case.

Defendants now seek a stay until the shutdown ends, but a stay is unwarranted here. Plaintiffs intend to oppose any motion to stay.  As an initial matter, the Anti-Deficiency Act does not prohibit Defendants from complying with their FOIA obligations.  Defendants may continue work necessary to comply with the February 27, 2026 deadline and any future order set by the Court.  Longstanding Executive Branch legal interpretations recognize that duties required by a court order are excepted from the Anti-Deficiency Act's prohibition on work during a lapse in

appropriations. *See, e.g.*, U.S. Dep't of Justice, FY2026 Contingency Plan, at 2–3 (Sept. 29, 2025), https://tinyurl.com/bdest7tj; U.S. Dep't of Homeland Sec., Procedures Relating to a Lapse in Appropriations, at 26 (Sept. 29, 2025), https://perma.cc/YP7S-L723 (listing "ongoing litigation in Federal court for which a stay has not been issued" as an example of an excepted activity that may be performed during a lapse); *see also Kornitzky Grp., LLC v. Elwell,* 912 F.3d 637, 638–39 (D.C. Cir. 2019) (Judges Srinivasan and Edwards, concurring, collecting 17 other stay denials during a lapse in appropriations to explain the Circuit's standard practice of denying stay motions during lapses). The Court's February 12, 2026 Minute Order and any future order therefore permit (indeed require) Defendants to complete their searches and process Plaintiffs' FOIA requests. *See Democracy Forward*, No. 25-4089 (D.D.C.), March 11, 2026 Joint Status Report, ECF No. 17 ("In accordance with this Minute Order, ICE completed its search for records responsive to this request on March 9, 2026. ICE located 846 pages of potentially responsive records.").

Further, a stay of an already-missed deadline without setting another deadline is inappropriate given the growing public interest in the requested records. The partial government shutdown and media attention related to ICE's detention policies underscore both the public's interest in these records and the urgency of their disclosure. Indeed, Plaintiff National Immigration Project sought expedited processing because there is an urgent need to inform the public about the federal government's activities with respect to its treatment and detention of noncitizens. *See N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) ("The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to … hold the governors accountable to the governed."). The Court should therefore deny Defendants' request for a stay and order the deadlines requested below.

Plaintiffs' requests have been pending since February 11, 2025, and May 1, 2025, and the complaint in this action was filed on June 17, 2025.  Defendants have completed only one interim release, producing 16 pages and one Excel spreadsheet. Even prior to the lapse in appropriations, Defendants refused to engage with Plaintiffs' attempts to confer about the scope of the requests and Defendants' searches to facilitate expeditious resolution of this case[1]. *Cf. Nat'l Day Laborer Organizing Network v. U.S. Immigr. & Customs Enf't Agency*, 877 F.Supp.2d 87, 108-112 (S.D.N.Y. 2012) (directing parties to meet and confer about electronic searches for responsive records since effective searches require "careful thought, quality control, testing, and cooperation with opposing counsel in designing search terms").  Defendants should not be permitted to use the partial shutdown to further delay their obligations under the FOIA procedures.

2.  **The Court should set firm deadlines for resolution of this case.**

a.  **Record Processing Schedule**

Plaintiff National Immigration Project requested expedited processing of their request. *See* ECF No. 9, ¶ 41.  As discussed, Defendants have a pattern of not adhering to their own representations that Plaintiffs and the Court have relied upon.  In the December 17, 2025 JSR, Defendants represented to the Court that they intend on providing Plaintiffs with a timeline of their searches no later than January 7, 2026. *See* ECF No. 14.  Defendants, however, did not provide a timeline to Plaintiffs until more than a month later, on February 10, 2026. *See* ECF No. 15.  In that, Defendants presented a self-imposed deadline for completion by February 27, 2026, which Defendants ignored. *See id.*  Accordingly, the Court should impose a record processing schedule to avoid further delay of Plaintiffs' request for expedited processing of their FOIA request.

---

[1] *See*  Plaintiffs' Exhibit A, Email Correspondence between O. Ayetiwa and B. Fithawi ("To clarify our ask, we are not demanding a search declaration or Vaughn index for each interim production. Instead, we are seeking clarification of the agencies' approach to their searches to ensure the searches are aligned and commensurate with the scope of the Plaintiffs' Requests.")

Increased public interest in, and need to understand, ICE's detention practices, as evidenced by the ongoing media coverage, underscores the need for Plaintiffs' requests to be completed promptly.  As noted above, courts are requiring DHS and ICE to process FOIA requests.  Thus, the following processing schedule is proposed to ensure the prompt release of responsive records:

- By no later than **March 27, 2026**, Defendants will complete all searches, and provide Plaintiffs with a description of those searches by that date.  The description shall identify who performed the searches; the servers, email accounts, and other repositories searched; the method of the search (manual or electronic); and the keywords for any electronic search.

- Defendants' final production will be completed by **May 7, 2026**, with productions taking place on a rolling basis from March 20, 2026 through April 30, 2026.

As explained above, it is Plaintiffs' position that additional delay is both unnecessary and harmful to the public.  If the Court is inclined to give Defendants relief due to the lapse in appropriations, Plaintiffs ask that the court issue firm deadlines along the lines of the above, with a deadline for the completion of searches and description of the searches set for 7 days after the partial shutdown ends, and a deadline for the completion of final production 45 days after the partial shutdown ends.

### b.  Summary Judgment Schedule

As discussed above, the lapse in appropriations has not prevented courts from setting summary judgment briefing schedules.  Plaintiffs propose the following summary judgment briefing schedule:

- Defendants' Vaughn Index: **June 5, 2026**

6

- Defendants' Motion for Summary Judgment: **July 24, 2026**

- Plaintiffs' Opposition and Cross-Motion for Summary Judgment, if any: **August 21, 2026**

- Defendants' Reply and Opposition to Cross-Motion: **September 22, 2026**

- Plaintiffs' Reply: **October 20, 2026**

<u>**Defendants' Position Statement**</u>

Defendants acknowledge that in the prior Joint Status Report, they reported that they would complete their searches by February 27, 2026. However, in the intervening period, Defendants experienced a lapse in appropriations affecting their FOIA operations. In connection with this lapse, ICE implemented its shutdown plan consistent with applicable law, including the Anti-Deficiency Act. *See generally American Oversight v. ICE*, Civ. No. 25-1987 (RC), ECF No. 15-1, (D.D.C. Mar. 10, 2026) (explaining how ICE has been impacted by the lapse in appropriations). The lapse in appropriations is ascribable to circumstances outside of Defendants' control, and contrary to Plaintiffs' representations, it is incorrect to state that Defendants have "missed" any deadlines set by the Court to the extent that Plaintiffs mean to say that Defendants have missed a deadline to complete a search for responsive documents. The February 13, 2026, Minute Order merely stated that Defendants would be "allow[ed]" to complete their searches before considering the parties' proposals as to productions. *See* Feb. 12, 2026, Min. Order. The Court then ordered the parties to file a status report on or before March 13, 2026, proposing a schedule for the production of records. To the extent the Court's order can be ready to mean that Defendants were required to complete their searches by February 27, 2026, Defendants apologize to the Court for not moving for an extension of time or otherwise seeking a stay of its obligations in light of the

lapse in appropriations. It intends to do so and needs additional time to complete these searches in light of the lapse in appropriations, which did not occur until February 14, 2026.

Defendants further note that Plaintiffs misapprehend the record when they accuse Defendants of refusing to "confer about the scope of the requests and Defendants' searches." By way of clarification, Defendants attach as Exhibit 1 copies of the emails exchanged between counsel. *See* Ex. 1, E-mails. Rather than demonstrating that Defendants have refused conferral with Plaintiffs, the emails reflect that Plaintiffs have been repetitiously demanding that Defendants describe the searches they have been conducting with the level of detail that is only ever included in a declaration typically submitted during merits briefing, and that Defendants justify their asserted withholdings even though Defendants have not yet completed their searches or productions. To Plaintiffs' demands, Defendants have merely responded the production of a declaration and/or *Vaughn* index is premature at this stage of the litigation. Plaintiffs' may well deny that they were ever seeking a premature declaration or *Vaughn* index, but the emails demonstrate that Plaintiffs' denials would not have a basis in fact, and Plaintiffs' instant request that the Court enter a briefing schedule before Defendants have completed their searches and productions is further evidence of their desire to proceed in this case in irregular fashion.

Finally, Defendants aver that they intend to file a motion to stay this case until the lapse in appropriations is complete, and their motion will include a declaration explaining the basis for the request for a stay order. They intend to file their motion no later than March 27, 2026. Plaintiffs will oppose Defendants' motion, but Defendants observe that Plaintiffs' position statement is only able to identify one case in which a court has ordered ICE to process a FOIA request despite the lapse in appropriations, whereas Plaintiffs omit mention of the fact that the District Court routinely stays all civil deadlines in which the United States is a party whenever a lapse in appropriations

shuts down the government. *See*, *e.g.*, Ex. 2, Standing Order No. 25-59 (JEB) (reflecting that Judge

Boasberg ordered that all civil deadlines be stayed in cases involving the United States because of

the late-2025 lapse in appropriations).

Dated: March 17, 2026

Respectfully submitted,

/s/Fithawi Berhane
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*

/s/*Jaime A. Santos*
Jaime A. Santos (DC Bar No. 1047905)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036-1612
Tel: +1 202 346-4000
Fax: +1 202 346-4444
JSantos@goodwinlaw.com

Linnea Cipriano (NY Bar No. 4913158)
Lauren Kuehn Pelletier (NY Bar No. 5581160)
Olubukola Ayetiwa (NY Bar No. 6063523)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: +1 212 813 8800
Fax: +1 212 355 3333
LCipriano@goodwinlaw.com
LPelletier@goodwinlaw.com
OAyetiwa@goodwinlaw.com
Admitted *pro hac vice*

*Counsel for Plaintiffs*

Yulie Landan (CA Bar No. 348958)*+
National Immigration Project
1763 Columbia Rd. N.W.
Suite 175 #896645
Washington, DC 20009
(504) 569-5650
yulie@nipnlg.org

*Pro hac vice application forthcoming
† Not admitted in DC; working remotely from and admitted in Louisiana only
+ Not admitted in DC; working remotely from New York and admitted in California only

*Counsel for Plaintiff National Immigration Project*

Chris Opila (DC Bar No. 90029724)

10

Raul A. Pinto (DC Bar No. 90013180)
AMERICAN IMMIGRATION COUNCIL
PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699
copila@immcouncil.org
rpinto@immcouncil.org

*Counsel for Plaintiff American Immigration
Council*

11