# EXHIBIT A

Civil Action No. 1:25-cv-01878-JMC

| | |
|---|---|
| **From:** | Berhane, Fithawi (USADC) |
| **To:** | Ayetiwa, Olubukola |
| **Cc:** | Cipriano, Linnea P; Pelletier, Lauren Kuehn |
| **Subject:** | RE: Re: National Immigration Project v. ICE, et al., 25-1878 |
| **Date:** | Thursday, February 5, 2026 10:36:50 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |

***EXTERNAL***

Thank you for following up. I still think it is obvious that the information you're seeking is invariably the kind of information that would only be included in a declaration or a *Vaughn* index. But I have passed your questions along to the agency anyway, and it is up to them to determine how to respond. Whichever way that they respond, I will let you know.

**From:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Sent:** Thursday, February 5, 2026 10:32 AM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Pelletier, Lauren Kuehn <LPelletier@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: Re: National Immigration Project v. ICE, et al., 25-1878

Isaac,

Thank you for your message. To clarify our ask, we are not demanding a search declaration or Vaughn index for each interim production. Instead, we are seeking clarification of the agencies' approach to their searches to ensure the searches are aligned and commensurate with the scope of the Plaintiffs' Requests.

To avoid any confusion, our emails posed questions about discrete issues, and are reproduced below:

- Can Defendants clarify that they understand the records described in my January 8 email to be responsive to the request and that they are taking steps to locate them in their searches?

- Can Defendants provide a description of the searches completed to date, including custodians, search terms, and the rationale for selecting those custodians and terms?

Can ICE clarify what intrusion on privacy arises from disclosing the name of the Acting Executive Associate Director (AEAD) (Russell Holt or Ken Genalo)? REL0000211068; REL0000211068.0001.

- Can ICE clarify why it believes Exemption 5 applies to Frequently Asked Questions that have been adopted as final agency policy? REL0000211068.0001.0001.

- Can ICE clarify what intrusion on privacy arises from disclosing the name of the Assistant Director for Field Operations (Tom Lyons)? REL0000211070; REL0000211078.

These questions are intended to clarify Defendants' positions and facilitate dialogue regarding the searches, thereby avoiding unnecessary briefing based on misunderstandings about the Requests.

---

**From:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Sent:** Monday, January 26, 2026 8:01 PM
**To:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Cc:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Pelletier, Lauren Kuehn <LPelletier@goodwinlaw.com>
**Subject:** RE: Re: National Immigration Project v. ICE, et al., 25-1878

***EXTERNAL***
I forwarded your message to the agency and, when I receive a response, I will provide you with any shareable information that I get.

With that said, and to reiterate what I said in a prior email, it is not the normal practice in FOIA litigation for the agency defendant to have to defend the adequacy of their searches or the propriety of their withholdings for each interim release of records. It's one thing if you want to pose some questions or make some comments about discrete issues, but it seems as if you're going to be asking for a search declaration and Vaughn for each interim production, and I've never seen that before.

---

**From:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Sent:** Monday, January 26, 2026 6:48 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Pelletier, Lauren Kuehn <LPelletier@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: Re: National Immigration Project v. ICE, et al., 25-1878

Isaac,

I am following up on my prior message below.  The issues we raised warrant clarification at this stage, given their impact on the scope and sufficiency of the agency's overall search and production efforts.  It would be far more fruitful for both parties to discuss these matters collaboratively now than necessitate motion practice later on.

Accordingly, we would appreciate knowing whether ICE has provided any response on this issue, or, if not, when you anticipate receiving guidance from the agency.

Thank you, and I look forward to your response.

Best regards,

Bukie

---

**From:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Sent:** Wednesday, January 14, 2026 3:09 PM
**To:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Cc:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Pelletier, Lauren Kuehn <LPelletier@goodwinlaw.com>
**Subject:** RE: Re: National Immigration Project v. ICE, et al., 25-1878

***EXTERNAL***
Hello,

Thank you for reaching out. I have passed your message along. I will let you know if/when ICE lets me know of its response. With that said, however, it is not the normal practice in FOIA litigation for the agency defendant to have to defend the adequacy of their searches or the propriety of their withholdings for each interim release of records.

Bests,
Isaac

---

**From:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Sent:** Wednesday, January 14, 2026 3:02 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Pelletier, Lauren Kuehn <LPelletier@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: Re: National Immigration Project v. ICE, et al., 25-1878

Counsel,

Following up on our email from last Thursday regarding the matter below. We would appreciate a response at your earliest convenience. Please let us know if you need any clarification regarding our prior inquiries.

Best regards,

Bukie

---

**From:** Ayetiwa, Olubukola
**Sent:** Thursday, January 8, 2026 4:14 PM
**To:** 'Fithawi.Berhane@usdoj.gov' <Fithawi.Berhane@usdoj.gov>
**Cc:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Pelletier, Lauren Kuehn <LPelletier@goodwinlaw.com>
**Subject:** Re: National Immigration Project v. ICE, et al., 25-1878

Dear Counsel:

We write on behalf of Plaintiffs with a few questions and concerns about the ongoing searches for FOIA Requests Nos. 2025-ICFO-19164 and 2025-ICFO-34832 and the withholdings ICE claimed in its First Interim Release dated December 15, 2025.

**<u>Search Timeline</u>**

What is the timeline for completing the outstanding search by an ICE component that Defendants reported in the JSR? *See* ECF No. 14.

**<u>Search Reasonableness</u>**

Plaintiffs are concerned about the adequacy of searches performed to date and/or Defendants' understanding of their FOIA requests since the First Interim Release did not contain the following records responsive to their requests:

1. Statistical data, *see* Compl. Ex. A I.2-3;
2. The policy requiring the Acting ICE Director to personally approve every release from ICE custody, *see id.* I.1.;
3. Guidance and other similar records for actions taken by ICE to implement

Presidential Proclamation 10,888 and Sections 2(c), 5, and 7(c) of Executive Order 14, *see generally* Ex. B, including but limited to:

  a. Parole Policies: Documents regarding blanket denial of parole, non-consideration of parole, or requirements for headquarters approval for parole decisions, particularly as applied to vulnerable populations including family units, parents, children, unaccompanied children, individuals with medical issues, and pregnant and postpartum individuals.

  b. Bond and Initial Custody Determinations: Documents regarding blanket denial of ICE bond or initial custody determinations for individuals clearly subject to INA § 236(a).

  c. Re-detention Policies: Documents regarding ICE re-detentions, including revocation of orders of supervision, early termination of parole, and re-detentions at check-ins absent materially changed circumstances, particularly as applied to vulnerable populations including family units, parents, children, unaccompanied children, individuals with medical issues, and pregnant and postpartum individuals

Can Defendants clarify that they understand the above records to be responsive to the request and are taking steps to locate them in their searches? Relatedly, can Defendants provide a description for the searches it has completed to date, including custodians, search terms, and its rationales for selecting such custodians and terms?

**<u>Withholdings</u>**

Can ICE explain why it believes the following withholdings in its First Interim Release are appropriate?

1. **REL0000211068 and REL0000211068.0001**: The name of the Acting Executive Associate Director (AEAD) (Russell Holt or Ken Genalo) has been redacted under Exemption 6 and 7(C) despite it being public knowledge. Can ICE clarify what intrusion on privacy arises from disclosing this name here?

2. **REL0000211068.0001.0001**: ICE has applied Exemption 5 to the Frequently Asked Questions in full except for headings. The previous email adopts these FAQs as a final agency policy that guides ICE personnel in implementing the alien registration requirements. *See*

REL0000211068.0001. Exemption 5 does not apply to such working law. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). Can ICE clarify why it believes that Exemption 5 is applicable here?

3. **REL0000211070 and REL0000211078**: The name of the Assistant Director for Field Operations (Tom Lyons) has been redacted Exemption 6 and 7(C), despite it being public knowledge. Can ICE clarify what intrusion on privacy arises from disclosing this name here?

Plaintiffs reserve all rights to challenge the applicability of any other FOIA exemptions or to seek additional non-exempt information.

Best,

Bukie

**Olubukola Ayetiwa**
*he/him/his*
Associate

 GOODWIN

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 917 229 7579
f   +1 212 355 3333
OAyetiwa@goodwinlaw.com



******************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
******************************************************************