**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-01878-JMC |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Plaintiffs National Immigration Project ("NIP") and American Immigration Council ("AIC") oppose Defendants Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE")'s motion for an indefinite stay of proceedings in this case pending resolution of the agency's lapse in appropriations.[1] ECF No. 24. This Freedom of Information Act ("FOIA") action arises from two requests: (1) NIP seeking records relating to policies requiring the acting ICE director to personally approve every noncitizen's release from custody, and (2) AIC seeking records implementing Presidential Proclamation 10,888 and Executive Order 14,165. *See* ECF No. 9, Compl. ¶¶ 7, 37-38.

This Court should deny Defendants' motion to stay. First, Defendants can perform the work necessary to comply with the Court's February 27, 2026 deadline and any future order during the lapse in appropriations. Defendants have pre-funded, non-furloughed staff that are available to process and produce records, including Defendants' own Declarant. Recent court decisions

---

[1] Plaintiffs previewed their opposition to a stay in the parties' March 17, 2026 Joint Status Report. *See* ECF No. 23. Defendants announced their intent to file this motion in that same filing. *See id.*

1

confirm that a lapse in appropriations does not excuse Defendants from their FOIA obligations. Second, further delay is inappropriate given the strong public interest in the requested records, the time-sensitive nature of that interest, and the long delay that has already occurred.

1. **Defendants Can Perform the Work Necessary to Comply with the Court's February 27, 2026 Deadline During a Lapse in Appropriations**

The Court's February 12, 2026 Minute Order setting the February 27, 2026 deadline and any future order allows Defendants to complete their searches and process Plaintiffs' FOIA requests. *See* ECF No. 23 (March 17, 2026 JSR). Longstanding Executive Branch legal interpretations recognize that duties required by a court order are excepted from the Anti-Deficiency Act's prohibition on work during a lapse in appropriations. *See, e.g.*, U.S. Dep't of Justice, FY2026 Contingency Plan, at 2–3 (Sept. 29, 2025), https://tinyurl.com/bdest7tj; U.S. Dep't of Homeland Sec., Procedures Relating to a Lapse in Appropriations, at 26 (Sept. 29, 2025), https://perma.cc/YP7S-L723 (listing "ongoing litigation in Federal court for which a stay has not been issued" as an example of an excepted activity that may be performed during a lapse); *see also Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638–39 (D.C. Cir. 2019) (Judges Srinivasan and Edwards, concurring, collecting 17 other stay denials during a lapse in appropriations to explain the Circuit's standard practice of denying stay motions during lapses).

Here, the Court's February 27, 2026 deadline requiring a search completion and submission of Joint Status Report enables Defendants to perform necessary processing of Plaintiffs' requests as a permitted. Defendants can perform the work necessary to comply with the Court's February 27, 2026 deadline as an excepted activity, particularly because ICE has processed and completed FOIA searches during the lapse in appropriations. *See Democracy Forward Foundation v. U.S. DHS et al*, No. 25-4089 (D.D.C.), March 11, 2026 Joint Status Report, ECF

2

No. 17  ("In accordance with this Minute Order, ICE completed its search for records responsive to this request on March 9, 2026. ICE located 846 pages of potentially responsive records.").

Defendants have pre-funded, non-furloughed staff available to process and produce records.  Defendants' own declarant, Assistant Director Kenneth N. Clark, is not furloughed and acknowledges that ICE may hire contractors to process productions pursuant to a court order.  ECF No. 24-1 ¶ 4.  Mr. Clark expressly states that his duties during the lapse include oversight of contractor activities and responding to critical taskings.  *Id.*  Defendants' claimed lack of capacity to respond to FOIA requests is undermined by their own declarant, Mr. Clark—the very official with authority to authorize FOIA processing and productions—who has not been furloughed and remains available to do so.

Defendants' motion for an indefinite stay runs counter to recent decisions holding that a lapse in appropriations does not excuse the government from its FOIA obligations.  *See Robert F. Kennedy Human Rights et al. v. U.S. Dep't of Homeland Security et al.*, 25 Civ. 4349 (S.D.N.Y), ECF No. 78 (denying motion for a stay and compelling the government to process documents); *Robert F. Kennedy Human Rights v. DHS*, No. 25 Civ. 6541 (JMF) (S.D.N.Y.), ECF No. 35 (denying stay and ordering that no later than two weeks from the date of this Order, Defendants shall process and produce to Plaintiff *the documents they agreed to produce by February 27, 2026*.) (emphasis added).

Similarly, in *Democracy Forward*, ICE sought a stay based on the lapse in appropriations. The  court, however, ordered production of non-exempt portions of records potentially responsive to the plaintiff's request.  No. 25-4089 (D.D.C.), Mar. 17, 2026, Minute Order.  *See also Latino Justice Prldef et al v. U.S. Immigration and Customs Enforcement et al.*, No. 25-8516 (S.D.N.Y.), Order Setting Meet and Confer Regarding the Search and Processing of Records and MSJ Briefing,

3

ECF No. 50 ("By April 17, 2026, Defendants shall file an opposition .... if the lapse in appropriations for the [DHS] and/or [ICE] has not concluded .... DHS and/or ICE shall make one employee available to participate."). Defendants offer no basis for departing from these decisions or for treating this case differently. The Court should therefore deny Defendants' motion to stay and compel Defendants to proceed with processing and production.

2. **Further Delay is Inappropriate Because of the Public Interest in the Relevant Records and Urgency of Their Disclosure**

Any further delay is inappropriate. Plaintiffs' requests have been pending since February 11, 2025, and May 1, 2025, and Plaintiffs filed their Complaint on June 17, 2025. Defendants have completed only one interim release, producing 16 pages and one Excel spreadsheet. Defendants acknowledge that they have failed to meet their obligations and have caused delay (*see* ECF No. 23 at 7), yet they still offer no concrete timeline for completing their searches following the lapse in appropriations (*see* ECF No. 24 at 2). Instead, Defendants propose yet another Joint Status Report, which would only serve to further delay resolution of this case. Defendants should not be permitted to use the partial shutdown to prolong their already deficient compliance with FOIA.

Further, the partial government shutdown and media attention related to ICE's detention policies underscore both the public's interest in these records and the urgency of their disclosure. The public has a compelling interest in understanding how ICE is exercising its detention authority, particularly where policies may alter release decisions, detention conditions, or access to legal protections for noncitizens for at least two reasons. First, these policies may cause prolonged and harmful detention stays for noncitizens. Second, public debate about, and opposition to, ICE's detention practices has reached such an apex that it is causing the partial shutdown. *See* Letter from Hakeem Jeffries & Chuck Schumer, U.S. House of Representatives Democratic Leader &

U.S. Senate Democratic Leader, to Mike Johnson & Jone Thune, Speaker of the U.S. House of Representatives & U.S. Senate Majority Leader (Feb. 4, 2026), https://tinyurl.com/ycxu96am (refusing to fund ICE unless among other things "all buildings where people are detained … abide by … basic detention standards that require immediate access to a person's attorney" and the agency "verifi[es] that a person is not a U.S. citizen before holding them in immigration detention").  Delayed disclosure therefore risks irreparable harm by preventing affected individuals, advocates, and the public from debating, assessing, and responding to government conduct while it is ongoing.  *Cf. Citizens for Ethics in Wash. v. U.S. DOGE Serv.*, 769 F. Supp. 3d 8, 27 (D.D.C. 2025) (expediting processing of "information vital to the current and ongoing debate surround the legality of a high-profile government action" (cleaned up)).  This Court should not issue an indefinite stay of this matter given the strong public interest in the requested records and the time-sensitive nature of that interest.  *See N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) ("The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to … hold the governors accountable to the governed.").

For the reasons stated above, Plaintiffs request that this Court deny Defendants' motion to stay and compel Defendants to complete its searches by **April 17, 2026** and to complete final production by **May 18, 2026**.  Alternatively, Plaintiffs request that a deadline for the completion of searches and description of the searches be set for **7 days** after the partial shutdown ends, and a deadline for the completion of final production be set **45 days** after the partial shutdown ends.

Dated: March 27, 2026

Respectfully submitted,

/s/ *Linnea Cipriano*
Linnea Cipriano (NY Bar No. 4913158)
Lauren Kuehn Pelletier (NY Bar No. 5581160)
Olubukola Ayetiwa (NY Bar No. 6063523)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: +1 212 813 8800
Fax: +1 212 355 3333
LCipriano@goodwinlaw.com
LPelletier@goodwinlaw.com
OAyetiwa@goodwinlaw.com
Admitted *pro hac vice*

Jaime A. Santos (DC Bar No. 1047905)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036-1612
Tel: +1 202 346-4000
Fax: +1 202 346-4444
JSantos@goodwinlaw.com

*Counsel for Plaintiffs*

Yulie Landan (CA Bar No. 348958)*+
National Immigration Project
1763 Columbia Rd. N.W.
Suite 175 #896645
Washington, DC 20009
(504) 569-5650
yulie@nipnlg.org

*Pro hac vice application forthcoming
† Not admitted in DC; working remotely from
and admitted in Louisiana only
+ Not admitted in DC; working remotely from
New York and admitted in California only

*Counsel for Plaintiff National Immigration
Project*

Chris Opila (DC Bar No. 90029724)
Raul A. Pinto (DC Bar No. 90013180)

6

AMERICAN IMMIGRATION COUNCIL
PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699
copila@immcouncil.org
rpinto@immcouncil.org

*Counsel for Plaintiff American Immigration Council*