**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-01878-JMC |

**<u>JOINT STATUS REPORT</u>**

On March 31, 2026, the Court denied Defendants' Motion to Stay, ordering Defendants to complete their searches for potentially responsive records by April 30, 2026, and directed the parties to file a Joint Status Report by May 6, 2026. The parties have conferred and respectfully submit the following Joint Status Report.

This Freedom of Information Act ("FOIA") action concerns two requests Plaintiffs submitted to the United States Immigration and Customs Enforcement ("ICE"). Plaintiff National Immigration Project submitted a FOIA request for records relating to policies and directives requiring the acting ICE director to personally approve every noncitizen's release from ICE custody. Plaintiff American Immigration Council submitted a second FOIA request for records implementing Presidential Proclamation 10,888 and Executive Order 14,165. *See* ECF No. 9, Compl. ¶¶ 7, 37-38.

**Plaintiffs' Position Statement**

In the Court's March 31, 2026 Minute Order, the Court ordered Defendants to complete their searches for potentially responsive records by April 30, 2026.  *See* March 31, 2026 Minute Order.  Defendants have confirmed that their searches are complete and have provided what they represent to be their final production.  However, Defendants have not provided any description of the searches conducted.  Despite Plaintiffs' efforts to obtain clarification regarding the scope and methodology of Defendants' searches over the last several months, Defendants have not provided this information.  As set forth below, the production is facially inadequate, consisting of less than 50 pages of almost entirely non-responsive materials and containing significant gaps that demonstrate the search conducted was insufficient.

Defendants have made only minimal productions throughout this litigation.  On December 15, 2025, Defendants completed their first interim release, producing 16 pages and one Excel spreadsheet. On April 29, 2026, Defendants purportedly completed what they represent to be their final production, consisting of only 32 pages.  In total, Defendants have produced ***fewer than 50 pages*** of records in response to Plaintiffs' requests, which have been pending for over a year.  The overwhelming majority of the documents produced are non-responsive to Plaintiffs' FOIA requests.

The production itself confirms that Defendants' search was inadequate and that additional responsive records exist but remain unproduced. For example, the alleged final production consists largely of internal email chains regarding detention release approvals that are not directly responsive to Plaintiffs' requests.  Moreover, these email chains repeatedly reference centralized guidance dated February 7, 2025, which is squarely responsive to Plaintiff National Immigration Project's FOIA request seeking "a copy of the policy, written directive, memoranda, or other

2

written guidance…describing the requirement that the acting ICE director personally approve every noncitizen's release from ICE custody." *See* ECF No. 9, Compl. ¶ 37.  Yet, Defendants have failed to produce the guidance itself.  The existence of this referenced, but unproduced, guidance demonstrates that Defendants' search was not reasonably calculated to capture all responsive records and that supplemental searches are necessary.

Moreover, Defendants' own correspondence undermines their representation that their production is final.  Defendants' April 30, 2026 letter regarding the Second Interim Release states that "4 pages reviewed for this month's production were sent for consultation and may be provided in the future," and that "a total of 14 pages have been referred" for direct response to Plaintiffs, including seven pages to Customs and Border Protection, five pages to the Department of State, and two pages to DHS Headquarters.[1]   These admissions confirm that at least 18 pages of responsive records remain outstanding and have not yet been produced, notwithstanding Defendants' claim that production is complete.  It further calls into question the thoroughness of the searches conducted.

Nor can Defendants avoid their FOIA obligations by referring responsive records to other agencies and then declaring their production complete.  An agency remains responsible for processing and producing FOIA records even if the documents originated elsewhere.  *See Plunkett v. Dep't of Justice*, 924 F.Supp.2d 289, 305 (D.D.C. 2013)(explaining that a referring agency is "ultimately responsible for processing responsive records in its custody and control at the time of the FOIA request'" and that referrals may constitute improper withholding where they significantly delay access to records); *Grove v. Dep't of Justice*, 802 F.Supp. 506, 518 (D.D.C.

---

[1] *See* Plaintiffs' Exhibit A, Defendants' April 30, 2026 letter regarding the Second Interim Release.

1992)(holding that an agency "cannot avoid its own obligation to respond to the FOIA request" by referring documents and must "either release the information or explain to plaintiff which exemption applies"). Courts have specifically rejected the argument that, once records are referred, the originating agency bears no further responsibility. *See Hall v. CIA*, 881 F. Supp. 2d 38, 56-57 (D.D.C. 2012)(finding such an argument "baffling" and holding that failure to ensure production of referred records constitutes improper withholding). Defendants' assertion that their production is complete despite conceding that there remain outstanding referred and consulted records is inconsistent with this settled law, and underscores the need for a firm deadline by which Defendants must complete the processing of all referred and consulted records.

1. **Search Description and Supplemental Searches**

Given the facial inadequacy of Defendants' production, Plaintiffs respectfully submit that Defendants must be required to provide a detailed description of the searches they conducted and to undertake supplemental searches to locate responsive records that were clearly missed. The production of fewer than 50 pages—the majority of which are non-responsive—in response to two FOIA requests that have been pending for over a year strongly suggests that Defendants' searches were not reasonably calculated to uncover all responsive records. The Court should not permit Defendants to close the book on their search obligations when the record demonstrates that the search was plainly deficient.

Plaintiffs respectfully request that the Court enter the following order:

- By no later than **May 29, 2026**, Defendants shall provide Plaintiffs with draft Search Declarations responsive to each Plaintiff's FOIA requests. Each declaration shall identify who performed the searches; the offices, components, and custodians searched; the servers, email accounts, and other repositories

4

searched; the method of the search (manual or electronic); and the keywords and search terms used for any electronic search.

- By no later than **May 29, 2026**, Defendants shall complete the processing of all pages sent for consultation and those referred to U.S. Customs and Border Protection, the Department of State and DHS Headquarters (*see* Plaintiffs' Exhibit A, Defendants' April 30, 2026 letter regarding the Second Interim Release), and produce all responsive records resulting from those consultations and referrals.

- By no later than **June 26, 2026**, Defendants shall provide Plaintiffs with a Draft *Vaughn* Index.  Following receipt of Defendants' *Vaughn Index*, the parties shall meet and confer within fourteen days to discuss any identified deficiencies, including with respect to custodians, search terms and data sources, in the search and production of Defendants' materials and any supplemental productions Plaintiffs deem warranted.

- Plaintiffs further propose the following summary judgment briefing schedule:

  - Defendants' Motion for Summary Judgment: **July 24, 2026**

  - Plaintiffs' Opposition, and Cross-Motion for Summary Judgment (if any): **August 21, 2026**

  - Defendants' Reply and Opposition to Cross-Motion (if any): **September 22, 2026**

  - Plaintiffs' Sur-Reply and Reply on Cross-Motion (if any): **October 20, 2026**

### Defendants' Position Statement

In general, Defendants object to Plaintiff's inclusion of unnecessary and extraneous matter in its position statement. Indeed, Plaintiff appears to be using this status report as an opportunity

to address matters that, in FOIA litigation, are invariably only ever addressed via summary judgment briefing. It is well-established that "FOIA cases are typically and appropriately decided on motions for summary judgment." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 83, 87 (D.D.C. 2009). As such, while Defendants do not directly respond in a comprehensive fashion to Plaintiff's position statement challenging the merits of Defendants' FOIA responses at this time, Defendants reserve their right to defend their FOIA responses at a later and more appropriate time.

Further, Defendants' report that it has completed its search and productions of responsive, non-exempt records, with the caveat that certain records are currently undergoing consultation review. Defendants are disinclined to provide Plaintiffs with a declaration or *Vaughn* index at this stage, especially since Plaintiffs have not identified any basis to contest the adequacy of the search and have not identified any withholdings that they wish to challenge. Finally, Defendants object to any summary judgment briefing schedule at this stage as premature, unless Plaintiffs are willing to waive any challenges relating to the records currently subject to consultation review. If Plaintiffs elect not to waive any such challenges, then Defendants respectfully request that the Court delay summary judgment briefing until after Plaintiffs have an opportunity to review any responsive, non-exempt records they receive once consultation review is complete.

Dated: May 6, 2026                           Respectfully submitted,


/s/ *Fithawi Berhane*                        /s/ *Linnea Cipriano*
FITHAWI BERHANE                              Jaime A. Santos (DC Bar No. 1047905)
Assistant United States Attorney             GOODWIN PROCTER LLP
601 D Street, NW                             1900 N Street, N.W.
Washington, DC 20530                         Washington, DC 20036-1612
(202) 252-6653                               Tel: +1 202 346-4000
Fithawi.Berhane@usdoj.gov                    Fax: +1 202 346-4444
                                             JSantos@goodwinlaw.com
*Attorneys for the United States of America*
                                             Linnea Cipriano (NY Bar No. 4913158)
                                             Lauren Kuehn Pelletier (NY Bar No. 5581160)
                                             Olubukola Ayetiwa (NY Bar No. 6063523)
                                             GOODWIN PROCTER LLP
                                             The New York Times Building
                                             620 Eighth Avenue
                                             New York, New York 10018
                                             Tel: +1 212 813 8800
                                             Fax: +1 212 355 3333
                                             LCipriano@goodwinlaw.com
                                             LPelletier@goodwinlaw.com
                                             OAyetiwa@goodwinlaw.com
                                             Admitted *pro hac vice*

                                             *Counsel for Plaintiffs*

                                             Yulie Landan (CA Bar No. 348958)*+
                                             National Immigration Project
                                             1763 Columbia Rd. N.W.
                                             Suite 175 #896645
                                             Washington, DC 20009
                                             (504) 569-5650
                                             yulie@nipnlg.org

                                             *Pro hac vice application forthcoming
                                             + Not admitted in DC; working remotely from
                                             New York and admitted in California only

                                             *Counsel for Plaintiff National Immigration
                                             Project*

                                             Chris Opila (DC Bar No. 90029724)
                                             Raul A. Pinto (DC Bar No. 90013180)
                                             AMERICAN IMMIGRATION COUNCIL

PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699
copila@immcouncil.org
rpinto@immcouncil.org

*Counsel for Plaintiff American Immigration Council*