# Exhibit A

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



**U.S. Immigration
and Customs
Enforcement**

April 30, 2026

Yulie Landan
National Immigration Project
1763 Columbia Rd, NW
Suite 175 #896645
Washington, D.C. 20009
(504) 569-5650
yulie@nipnlg.org
matt@nipnlg.org
copila@immcouncil.org
rpinto@immcouncil.org

**RE:    National Immigration Project v. ICE and DHS 25-cv-01878**
      **ICE FOIA Case Numbers 2025-ICFO-19164, 2025-ICFO-34832**
      **ICE Litigation Case Number: 2025-ICLI-00070**
      **Second Interim Release**

Dear Ms. Landan,

This is the second interim response to your Freedom of Information Act (FOIA) requests to U.S. Immigration and Customs Enforcement (ICE) and Department of Homeland Security (DHS), dated February 11, 2025 and May 1, 2025, seeking:

**2025-ICFO-19164**:

1. A copy of the policy, written directive, memoranda, or other written guidance including email created, modified, sent, received or collected by ICE describing the requirement that the acting ICE director personally approve every noncitizen's release from ICE custody.
2. Data regarding the detained noncitizens awaiting review from the acting ICE director for their releases, as of the date the search for the data is conducted:
   a. The total number of detained noncitizens awaiting release approval by the acting ICE director;
   b. The number of detained noncitizens awaiting release approval by the acting ICE director who were granted asylum by an Immigration Judge;
   c. The number of detained noncitizens awaiting release approval by the acting ICE director who were granted withholding of removal or protection under the Convention Against Torture by an Immigration Judge;

**www.ice.gov**

    d. The number of detained noncitizens awaiting release approval by the ICE director who were granted Cancellation of Removal by an Immigration Judge;

    e. The number of detained family units awaiting release approval by the acting ICE director;

    f. The number of detained J O.P v. DHS class members awaiting release approval by the acting ICE director;

    g. The number of detained noncitizens awaiting release approval by the ICE director whose bond has been paid as evidenced by an executed ICE Form 1-352;

    h. The number of detained noncitizens awaiting release approval by the acting ICE director whose removal proceedings were terminated by an Immigration Judge and DHS did not reserve appeal; and

    i. The location of each detained noncitizen awaiting release approval by the acting ICE director.

3. Data regarding the noncitizens previously impacted by the acting ICE director's review of their custody, from January 20, 2025 through the date the search is conducted:

    a. The total number of detained noncitizens denied release by the acting I CE director;

    b. The number of days from when each noncitizen was eligible for release to when the acting ICE director denied release;

    c. The location of each detained noncitizen who was denied release by the acting ICE director;

    d. The total number of noncitizens released from ICE custody following the ICE director's review and approval;

    e. The number of detained noncitizens who were granted asylum by an Immigration Judge and were released from ICE custody following the acting ICE director's review and approval;

    f. The number of detained noncitizens who were granted withholding of removal or protection under the Convention Against Torture by an Immigration Judge and were released from ICE custody following the acting ICE director's review and approval;

    g. The number of detained noncitizens who were granted Cancellation of Removal by an Immigration Judge and were released from ICE custody following the acting ICE director's review and approval;

    h. The number of detained family units who were released from ICE custody following the acting ICE director's review and approval;

    i. The number of detained J. OP v. DHS class members who were released from ICE custody following the acting ICE director's review and approval;

    j. The number of detained noncitizens whose bond was paid as evidenced by an executed ICE Form 1-352 and who were released from ICE custody following the acting ICE director's review and approval;

    k. The number of detained noncitizens whose removal proceedings were terminated by an Immigration Judge and DHS did not appeal who were

> released from ICE custody following that acting ICE director's review and approval;
>
> l.  Where each noncitizen was detained prior to their release from ICE custody following acting ICE director's review and approval; and
>
> m.  For each category (3)( e) through (3)(k), the number of days from when the noncitizen was eligible for release to when the acting ICE director approved the noncitizen's release.

**2025-ICFO-34832**:

> 1.  The following records prepared, possessed, received, transmitted, collected, maintained, or controlled by ICE from January 20, 2025, until the date on which the agency performs a reasonable search:
>
>> a.  All memoranda, musters, guidance, and other similar records implementing Sections 2(c), 5, and 7(c) of Executive Order 14,165, 90 Fed. Reg. 8467 (Jan. 20, 2025) (hereinafter "Executive Order"); and
>>
>> b.  All memoranda, musters, guidance, and other similar records implementing Presidential Proclamation 10,888, 90 Fed. Reg. 8333 (Jan. 20, 2025) (hereinafter "Proclamation").

ICE has considered this request under the FOIA, 5 U.S.C. § 552.

A search of the Office of the Director (OD), located records that are potentially responsive to your request.  For this production ICE reviewed 280 pages and 3 Excel spreadsheets of potentially responsive records. Upon review, ICE has determined that 32 pages will be released in part pursuant to Exemptions (b)(5), (b)(6), (b)(7)(C), (b)(7)(E), (b)(7)(F) of the FOIA, 5 U.S.C. § 552 as described below. 172 pages were deemed non-responsive, 58 pages were deemed duplicates. Please note, 4 pages reviewed for this month's production were sent for consultation and may be provided in the future. Also, a total of 14 pages have been referred, 7 pages to Customs and Border Protection (CBP), 5 pages to the Department of State (DoS) and 2 pages to Department of Homeland Security Headquarters (DHS HQ) for a direct response to you. The 32 pages have been Bates numbered 2025-ICLI-00070 000017 through 2025-ICLI-00070 0000048.

ICE applied FOIA Exemption (b)(5) to information that is deliberative, attorney-client privileged and/or attorney work product.

**FOIA Exemption 5** of the Freedom of Information Act protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a

balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information.  Please note that any private interest you may have in that information does not factor into this determination.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

ICE has applied FOIA exemption 7(F) protects the release of information that would jeopardize the lives and physical safety of the individuals and compromise the ability of employees to perform their duties.

**FOIA Exemption 7(F)** allows the agency to withhold records if release could reasonably be expected to endanger the life or physical safety of any individual. This exemption protects law enforcement agents, witnesses, informants, and third parties from harm, threats, or harassment.

Page **5** of **5**

If you have any questions about this letter, please contact Assistant U.S. Attorney Fithawi Berhane at Fithawi.Berhane@usdoj.gov.

Sincerely,

Molly Lloyd
Acting FOIA Litigation Team Supervisor

Enclosure: 32 pages