**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-01878-JMC |

**JOINT STATUS REPORT**

In its May 12, 2026 Minute Order, the Court directed Defendants to indicate when they anticipate completing the ongoing consultation review and production of responsive records and directed the parties to file another Joint Status Report by June 5, 2026. *See* May 12, 2026 Minute Order. The parties have subsequently conferred and respectfully submit the following Joint Status Report ("JSR").

This Freedom of Information Act ("FOIA") action concerns two requests Plaintiffs submitted to the United States Immigration and Customs Enforcement ("ICE"). Plaintiff National Immigration Project submitted a FOIA request for records relating to policies and directives requiring the acting ICE director to personally approve every noncitizen's release from ICE custody. Plaintiff American Immigration Council submitted a second FOIA request for records implementing Presidential Proclamation 10,888 and Executive Order 14,165. *See* ECF No. 9, Compl. ¶¶ 7, 37-38.

**Plaintiffs' Position Statement**

In the Court's May 12, 2026 Minute Order, the Court ordered Defendants to indicate when they anticipate completing the ongoing consultation review and production of responsive records.

As provided in Plaintiffs' May 6 JSR statement, Defendants have made minimal productions throughout this litigation. On December 15, 2025, Defendants completed their first interim release, producing 16 pages and one Excel spreadsheet. In Defendants' second interim release dated April 30, 2026, Defendants purportedly completed what they represent to be their final production, consisting of only 32 pages. In total, Defendants have produced *fewer than 50 pages* of records in response to Plaintiffs' requests, which were submitted over a year ago. The overwhelming majority of the documents produced are non-responsive to Plaintiffs' FOIA requests. Defendants' productions are facially inadequate for reasons including their failure to produce guidance that is repeatedly referenced within documents they have produced.

As reflected in Defendants' April 30, 2026 letter regarding the Second Interim Release, Defendants previously acknowledged that responsive records remain outstanding. Specifically, Defendants stated that four pages had been sent for consultation review and that a total of fourteen additional pages had been referred for direct response to Plaintiffs, including seven pages referred to U.S. Customs and Border Protection, five pages referred to the Department of State, and two pages referred to DHS Headquarters.  Thus, at least eighteen pages of responsive records remain outstanding as of Defendants' second production dated April 30, 2026.

In its May 12 Minute Order, the Court ordered that the Government should "indicate when it anticipates completing the consultation review and production" in the next JSR.  Plaintiffs have repeatedly followed up with Defendants since the Court's order and requested that Defendants identify when they anticipate completing the consultation process and producing any remaining

responsive, non-exempt records for purposes of conferring and preparing this JSR.  Only this afternoon, Defendants notified Plaintiffs that ICE has contacted each third-party entity involved in the consultation process to request a status update and anticipated completion date but has not yet received any responses. Defendants further represent that they "believe" they should receive responses "sooner rather than later" and will complete production upon completion of the consultation process.  Defendants still have not identified when they anticipate completing consultation review or producing any remaining responsive, non-exempt records.  Nor do Defendants provide any estimated date by when the consultation process will be completed. Accordingly, Plaintiffs are unable to assess the reasonableness of Defendants' anticipated timeline or determine whether additional relief may be necessary.

As Plaintiffs have stated since the inception of this case, Plaintiffs remain concerned about the continued unreasonable delays in the completion in  production of responsive records.  To date, Defendants have produced fewer than 50 pages of records in response to Plaintiffs' requests.

Consistent with the Court's May 12, 2026 Minute Order requiring Defendants to indicate when they will finish consultation review and production, Plaintiffs respectfully request that the Court establish a firm deadline for the completion of consultation review and production of the remaining responsive records.

Plaintiffs respectfully request that the Court enter the following order:

- By no later than **June 19, 2026**, Defendants shall complete the processing of all pages sent for consultation and those referred to U.S. Customs and Border Protection, the Department of State and DHS Headquarters (see Plaintiffs' Exhibit A, Defendants' April 30, 2026 letter regarding the Second Interim Release), and produce all responsive records resulting from those consultations and referrals.

Plaintiffs further propose the following summary judgment briefing schedule:

- Defendants' Vaughn Index: **July 6, 2026**

- Defendants' Motion for Summary Judgment: **August 24, 2026**

- Plaintiffs' Opposition and Cross-Motion for Summary Judgment, if any: **September 21, 2026**

- Defendants' Reply and Opposition to Cross-Motion: **October 22, 2026**

- Plaintiffs' Reply: **November 20, 2026**

### Defendants' Position Statement

In general, Defendants object to Plaintiff's inclusion of unnecessary and extraneous matter in its position statement. Indeed, Plaintiff appears to be using this status report as an opportunity to address matters that, in FOIA litigation, are invariably only ever addressed via summary judgment briefing. It is well-established that "FOIA cases are typically and appropriately decided on motions for summary judgment." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 83, 87 (D.D.C. 2009). As such, while Defendants do not directly respond in a comprehensive fashion to Plaintiff's position statement challenging the merits of Defendants' FOIA responses, Defendants reserve their right to defend their FOIA responses at a later and more appropriate time. Importantly, in the Court's Minute Order of May 12, 2026, it has already stated that "[t] The Court appreciates the Plaintiffs' desire to resolve this case but will not require the Government to prematurely produce evidence that is typically filed during summary judgment proceedings. And the Court agrees with the Government that summary judgment motions should be filed after the Government's production is complete."

4

Further, ICE reports that approximately 20 pages of responsive records have been submitted for consultative review to third-party entities—*i.e.*, the Department of State, the Headquarters of the Department of Homeland Security, and Customs and Border Protection—with equities in the aforesaid records. ICE has reached out to each third-party entity for an update on the status of their review and a timeline regarding when they expect their review to be complete. No response has been forthcoming. However, given the limited number of records at issue, ICE believes that they should receive a response sooner rather than later, and ICE will complete its production of responsive, non-exempt records immediately after consultative review is complete.

Dated: June 5, 2026

Respectfully submitted,

/s/ Fithawi Berhane
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*

/s/ Linnea Cipriano
Jaime A. Santos (DC Bar No. 1047905)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036-1612
Tel: +1 202 346-4000
Fax: +1 202 346-4444
JSantos@goodwinlaw.com

Linnea Cipriano (NY Bar No. 4913158)
Lauren Kuehn Pelletier (NY Bar No. 5581160)
Olubukola Ayetiwa (NY Bar No. 6063523)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: +1 212 813 8800
Fax: +1 212 355 3333
LCipriano@goodwinlaw.com
LPelletier@goodwinlaw.com
OAyetiwa@goodwinlaw.com
Admitted *pro hac vice*

*Counsel for Plaintiffs*

Yulie Landan (CA Bar No. 348958)*+
National Immigration Project
1763 Columbia Rd. N.W.
Suite 175 #896645
Washington, DC 20009
(504) 569-5650
yulie@nipnlg.org

*Pro hac vice application forthcoming
+ Not admitted in DC; working remotely from
New York and admitted in California only

*Counsel for Plaintiff National Immigration Project*

Chris Opila (DC Bar No. 90029724)
Raul A. Pinto (DC Bar No. 90013180)
AMERICAN IMMIGRATION COUNCIL

PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699
copila@immcouncil.org
rpinto@immcouncil.org

*Counsel for Plaintiff American Immigration
Council*