**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> *Defendants*. |

Case No. 1:25-cv-01878-JMC

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION**
**FOR EXTENSION OF TIME TO PRODUCE RECORDS**

Plaintiffs National Immigration Project ("NIP") and American Immigration Council ("AIC") oppose Defendants Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE")'s motion for an extension of time to produce all responsive, non-exempt records. *See* ECF No. 30.

Mere hours before the court-ordered deadline, Defendants seek a twenty-day extension to the deadline for Defendants to "produce all responsive records." Defendants further seek a twenty-day extension to all summary judgment briefing deadlines previously set by the Court. *See* ECF No. 30. Pursuant to Federal Rule of Civil Procedure 6, Defendants must show good cause as to why such an extension is warranted. Fed. R. Civ. P. 6(b)(1). They have not done so, and their motion should be denied.

The Court set the July 15, 2026, deadline for the production of *all* responsive records in response to Plaintiffs' FOIA requests due to Defendants' failure to adhere to the Court's prior order requesting the Government to indicate in the next joint status report "when it anticipates completing the consultation review and production." *See* May 12, 2026, Minute Order; June 17,

1

2026, Minute Order.  Defendants' request follows multiple prior attempts by Defendants to delay the progress of this case, including a motion to stay and repeated requests for additional time based on the ongoing consultation process.  *See* ECF Nos. 24, 27, 28.  The Court set the July 15, 2026, deadline to end these delays.  *See* June 17, 2026, Minute Order.

At bottom, Defendants show no good cause for the requested extension and further delay. On April 30, 2026, Defendants represented that 4 pages had been sent for consultation review and that additional pages had been referred to U.S. Customs and Border Protection ("CBP") (7 pages), the Department of State ("DOS") (5 pages), and Department of Homeland Security Headquarters ("DHS") (2 pages).  *See* Ex. A, Second Interim Release Letter.  Notably, DHS is a named Defendant in this lawsuit.  *See* ECF No. 9.

More than a month later, Defendants began producing these documents.  On July 6, 2026, Defendants produced the 7 pages that were referred to CBP, and on July 15, 2026, Defendants produced the 4 pages that had been sent for consultation review.  Thus, the outstanding records at issue now appear to be the seven total pages referred to DOS and DHS.

The only rationale given for Defendants' requested extension concerns one unidentified "third-party" entity, presumably DOS.  Defendants state that the FOIA request and consultation materials were originally sent in error to the entity's Office of Inspector General, were not provided to the appropriate FOIA office until the end of June, and that consultation review therefore remains ongoing.  *See* ECF No. 30.  Defendants' motion does not otherwise identify what records remain outstanding, which agency possesses them, or how many pages remain subject to consultation review. *See id.*  Nor does the motion explain why the "third-party" (presumably DOS) could not process a few pages of records in the weeks between their receipt by its FOIA office and the Court's deadline.  Defendants further fail to offer any reason why this unnamed entity needs an

2

additional twenty days to process these records when its FOIA office routinely processes hundreds of pages per month. *See* Joint Status Report ¶ 3, *Inst. For Law, Innovation & Tech., Temple Univ., Beasley Sch. of Law v. U.S. Dep't of State*, No. 25-1418 (D.D.C. July 2, 2026), ECF No. 36 ("[T]he proposed cuts yield a reasonable number of documents for the [DOS] to process at its normal processing rate of 450 pages every six weeks."); Decl. of Susan C. Weetman ¶ 17, *Speri v. U.S. Dep't of State*, No. 25-3802 (S.D.N.Y. Mar. 4, 2026), ECF No. 22 ("The Department of State's standard processing rate based on its resources and its current FOIA workload is an average of 300 pages per month or 450 pages every six weeks for each case."). Defendants, therefore, have not shown good cause for their requested extension as to records referred to the unidentified third-party.

Defendants' motion also fails to account for the pages referred to named Defendant DHS, which is not a third-party entity. The status of these documents remains unclear, and Defendants have not shown good cause for extending the Court's July 15, 2026, deadline to process these pages.

Defendants' request is especially unwarranted given the minimal production in this case to date. Plaintiffs' FOIA requests have been pending since February 2025 and May 2025, yet Defendants have made only four productions totaling ***59 pages*** of records. *See* ECF No. 9-1, 9-2. Fifty-nine pages is wholly inadequate in light of the breadth of both Plaintiffs' requests. Even after more than a year of processing and multiple Court interventions, Defendants now seek additional time to produce only a handful of pages.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion for an extension of time and order them to complete all outstanding processing by July 22, 2026.

Dated: July 16, 2026

Respectfully submitted,

/s/ *Linnea Cipriano*
Linnea Cipriano (NY Bar No. 4913158)
Lauren Kuehn Pelletier (NY Bar No. 5581160)
Olubukola Ayetiwa (NY Bar No. 6063523)
Shauna Perigo (NY Bar No. 6277495)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: +1 212 813 8800
Fax: +1 212 355 3333
LCipriano@goodwinlaw.com
LPelletier@goodwinlaw.com
OAyetiwa@goodwinlaw.com
SPerigo@goodwinlaw.com
Admitted *pro hac vice*

Jaime A. Santos (DC Bar No. 1047905)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036-1612
Tel: +1 202 346-4000
Fax: +1 202 346-4444
JSantos@goodwinlaw.com

*Counsel for Plaintiffs*

Yulie Landan (CA Bar No. 348958)*+
National Immigration Project
1763 Columbia Rd. N.W.
Suite 175 #896645
Washington, DC 20009
(504) 569-5650
yulie@nipnlg.org

*Pro hac vice application forthcoming
+ Not admitted in DC; working remotely from
New York and admitted in California only

*Counsel for Plaintiff National Immigration
Project*

Chris Opila (DC Bar No. 90029724)
Raul A. Pinto (DC Bar No. 90013180)

4

AMERICAN IMMIGRATION COUNCIL
PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699
copila@immcouncil.org
rpinto@immcouncil.org

*Counsel for Plaintiff American Immigration
Council*

5