**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD, *et al.*,

*Plaintiffs*,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

*Defendants*.

Case No. 1:25-cv-01878-JMC

**JOINT STATUS REPORT**

This Freedom of Information Act ("FOIA") action concerns two requests Plaintiffs submitted to the United States Immigration and Customs Enforcement ("ICE"). Plaintiff National Immigration Project submitted a FOIA request for records relating to policies and directives requiring the acting ICE director to personally approve every noncitizen's release from ICE custody. Plaintiff American Immigration Council submitted a second FOIA request for records implementing Presidential Proclamation 10,888 and Executive Order 14,165. *See* ECF No. 9, Compl. ¶¶ 7, 37-38.

In its September 24, 2026, Minute Order, the Court granted in part and denied in part Defendants' Motion to Vacate Summary Judgment Deadlines, vacating the existing briefing schedule, and setting new summary judgment briefing deadlines. The Court further directed the parties to "confer and submit a joint status report by October 7, 2026, providing the Court with a proposed schedule for any interim deadlines the Parties find necessary in light of the new schedule for summary judgment briefing, including any deadlines for meet and confer discussions and the

submission of a Vaughn index." *See* Sept. 24, 2026 Minute Order. The parties have subsequently conferred and respectfully submit the following Joint Status Report ("JSR").

**Plaintiffs' Position Statement**

Defendants asked the Court to vacate the prior summary judgment schedule based on their representation that they were willing to negotiate, that Defendants had provided a description of their searches and certain disputed withholdings, and that Defendants were willing to provide a *Vaughn* index at a later time. *See* ECF No. 34. Defendants asserted that these anticipated discussions might substantially narrow the parties' disputes. *Id.* But to date, Defendants have not meaningfully engaged in this process.

Plaintiffs have sought an adequate description of Defendants' searches and meaningful explanations of the remaining withholdings since at least January 2026. *See* ECF No. 35-1 (Email Correspondence Between O. Ayetiwa and B. Fithawi). However, Defendants did not provide any search description until 10:00 p.m. on September 14, 2026—mere hours before their summary judgment brief was due. *See* Ex. A (Email Correspondence Between S. Perigo and B. Fithawi); *see also* ECF No. 35-2 (Email Correspondence Between S. Perigo and B. Fithawi)[1]; ECF No. 35-4 (Defendants' Search Description).

That description does not permit Plaintiffs to meaningfully evaluate the adequacy of Defendants' searches. Among other deficiencies, it does not identify the temporal scope of the searches; explain the rationale for the selected custodians, repositories, or search terms; identify the search mechanics or search strings used; or address whether Defendants followed the specific leads Plaintiffs identified in their August 19, 2026 correspondence. *See* ECF No 35-4 (Defendants'

[1] Exhibit A and ECF No. 35-2 are emails sent between the parties regarding these issues. Responses were sent to different messages in the chain and as a result, no single version of the thread contains both S. Perigo's September 3, 2026, email and B. Fithawi's subsequent response on September 14, 2026.

Search Description). The search description also does not address the outstanding April 2026 DHS Headquarters referral[2] or the factual basis for Defendants' decision not to search the Office of the Principal Legal Advisor ("OPLA"). *See id.*

Defendants likewise have not provided document-specific withholding information sufficient to permit Plaintiffs to assess their remaining exemption claims. Plaintiffs have consistently requested a draft *Vaughn* index identifying the information withheld, the exemption(s) asserted, the factual and legal basis for each exemption, any reasonably segregable material, and the foreseeable harm from disclosure. *See* Ex. A (Email Correspondence Between S. Perigo and B. Fithawi); *see also* ECF No. 35-2 (Email Correspondence Between S. Perigo and B. Fithawi). Defendants' September 14 submission expressly disclaimed being a final *Vaughn* index or agency declaration and did not provide equivalent document-specific withholding descriptions. *See* ECF No. 35-4 (Defendants' Search Description).

On September 28, 2026, to follow up in accordance with the Court's Sept. 24, 2026 Minute Order, Plaintiffs again requested that Defendants provide a supplemental search description and a draft *Vaughn* index. *See* Ex. A. Plaintiffs explained the categories of information required to meaningfully confer, including the deficiencies set forth above. *Id.* Plaintiffs also requested a telephonic or videoconference meet-and-confer before October 5, 2026, so that the parties could discuss the remaining search and withholding issues and develop the interim schedule the Court directed them to propose. *Id.*

Defendants responded on October 2, but did not commit to address the deficiencies in their search description, provide a supplemental search description, provide a draft *Vaughn* index, or respond to Plaintiffs' request for a meet-and-confer. *See* Ex. A. Later that day, Plaintiffs

[2] Defendants' ongoing failure to produce these records violates the Court's order to "produced all responsive records by August 4, 2026." *See* Minute Order Granting Defs.' Mot. for Extension (July 17, 2026).

responded that it would be more productive to hold a telephonic or videoconference meet-and-confer the following week, and offered to provide in advance a list of the issues that remain so that the parties could address Plaintiffs' requests efficiently. *See id*.

On October 7, 2026, counsel for Plaintiffs provided the Defendants with a list of the concerns and issues they identified based on the limited information Defendants provided to date. *See* Ex. A. The parties met and conferred later that afternoon. During that conference, Plaintiffs expressed that a draft search declaration and draft *Vaughn* index are necessary at this stage of the litigation in order to understand at the outset the searches that Defendants conducted. Plaintiffs reiterated that, consistent with the law, they are entitled to those materials now and that more importantly, having these materials will allow the parties to confer, narrow issues, and avoid proceeding to summary judgment briefing on issues that can be resolved through discussions at this time. Plaintiffs emphasized the efficiencies to be gained by both parties and the Court from Defendants furnishing the missing search descriptions, withholdings descriptions, and information ahead of the impending summary judgment deadlines. Defendants' counsel agreed that Plaintiffs' asks were reasonable and that Plaintiffs were entitled to this information. Defendants' counsel also indicated his belief that Defendants were beginning to work up drafts of a search declaration and *Vaughn* index, which they would be required to provide in any event at the summary judgment stage. Defendants' counsel indicated that they may require a reasonable extension of time to prepare and provide the drafts to Plaintiffs, and Plaintiffs' counsel agreed to offer extensions, as they have done in the past, without objection. At no point during the meet-and-confer was the provision of these materials conditioned upon vacating the summary judgment deadlines. Defendants' current position is inconsistent with the understanding reached during that conference.

Plaintiffs' requests are consistent with the law and with the parties' obligations to confer. Courts regularly require agencies to provide a *Vaughn* index and meaningful search information before summary judgment briefing so that the parties can assess the remaining issues and narrow their disputes. *See Lowy v. Federal Bureau of Investigation*, No. 1:23-cv-721, ECF No. 24 (D.D.C. Dec. 9, 2024) (requiring defendants to produce a *Vaughn* index by the parties' proposed summary-judgment deadline and extending the summary-judgment deadline by one month so that plaintiffs could assess the asserted bases for withholding and the parties could narrow the issues and documents in dispute); *Defense of Freedom Institute for Policy Studies, Inc. v. U.S. Department of Education*, No. 1:24-cv-814, Minute Order (D.D.C. June 17, 2025) (finding a *Vaughn* index appropriate after document production was complete and before summary judgment briefing had been scheduled); *Wilderness Workshop v. U.S. Department of Agriculture*, No. 1:22-cv-3606, Minute Order (D.D.C. Mar. 13, 2023) (requiring a draft *Vaughn* index and informal search summary approximately six weeks before the agency's summary-judgment motion); *Institute for Energy Research v. Federal Energy Regulatory Commission*, No. 1:23-cv-488, Minute Order (D.D.C. Jan. 16, 2024) (ordering production of a *Vaughn* index before summary-judgment briefing); *see also* ECG No. 35, at 7 (citing cases). Plaintiffs have continuously identified specific concerns with Defendants' searches, productions, and remaining withholdings. *See* Ex. A; *see also* ECF No. 35 (Plaintiffs' Opposition to Defendants' Motion to Vacate Summary Judgment Deadlines). Plaintiffs require the requested information to determine whether Defendants can resolve or adequately explain those concerns and, consequently, whether any issues can be narrowed without summary-judgment briefing. *See id.* While Defendants criticize Plaintiffs for not providing even more detail as to the deficiencies they allege, Plaintiffs submit that, like Defendants, Plaintiffs are not required to fully brief their summary-judgment position in advance

of a meaningful meet-and-confer and in particular when the Defendants refuse to be forthcoming and provide the details Plaintiffs have requested for months to understand the searches that were conducted.

The Court appropriately recognized both the value of permitting further discussions and Plaintiffs' concern that the path forward not be left open-ended. *See* Sept. 24, 2026 Minute Order. Plaintiffs agree that the parties may be able to narrow issues, but only if Defendants provide the information required to evaluate their searches and remaining withholdings and participate in substantive conferral. Defendants' response—which supplies no date certain for that information nor for a conference—confirms that firm interim deadlines are needed. Defendants should not be permitted to obtain an open-ended extension based on the possibility of negotiation while declining to provide the information required for negotiation or to respond to Plaintiffs' requests to confer.

Plaintiffs do not agree with Defendants' reasoning as to why the requested draft search declaration and draft *Vaughn* index should not be provided in advance of summary judgment briefing. Doing so serves the interests of both parties as well as the Court: it creates a meaningful opportunity to narrow or eliminate disputes before briefing commences, potentially avoiding the need for summary judgment motions altogether. These materials are not a courtesy; they are necessary for Plaintiffs to meaningfully evaluate whether Defendants conducted a legally sufficient search and to assess the propriety of each withholding. As discussed above, the exchange of such materials prior to summary judgment briefing is standard practice in this Court. For the reasons set forth in Plaintiffs' Opposition to Defendants' Motion to Vacate Summary Judgment Deadlines (ECF No. 35), which Plaintiffs incorporate herein by reference, Plaintiffs cannot agree to vacate the existing summary judgment schedule. Although Plaintiffs have long been entitled to these records and Defendants' delays have unnecessarily prolonged this litigation,

Plaintiffs are prepared to accept Defendants' proposed October 28, 2026 deadline for service on Plaintiffs of a draft search declaration and draft *Vaughn* index. However, Plaintiffs cannot agree to conditioning the service of these materials on vacating the summary judgment schedule. Plaintiffs offer this compromise solely in the interest of moving this matter forward expeditiously and without prejudice to any of their substantive positions. To that end, Plaintiffs therefore respectfully request that the Court adopt the following date-certain interim schedule:

- By **October 28, 2026**, Defendants shall provide Plaintiffs with: (1) a draft search declaration sufficient to permit Plaintiffs to evaluate the adequacy of Defendants' searches, including the information identified above; and (2) a draft *Vaughn* index sufficient to permit Plaintiffs to evaluate Defendants' asserted exemptions, segregability determinations, and foreseeable-harm determinations.
- By **October 28, 2026,** Defendants shall complete the processing of the April 2026 DHS Headquarters referral.
- By **November 6, 2026**, the parties shall meet and confer regarding Defendants' draft search declaration/descriptions, the remaining search issues, and Defendants' asserted withholdings.
- By **November 13, 2026**, the parties shall file a joint status report advising the Court of the results of their meet and confer, identifying any issues resolved or narrowed, and proposing any further interim deadlines necessary before summary judgment briefing.

**<u>Defendants' Position Statement</u>**

As an initial matter, Defendants wish to note that the Court's Order of September 24, 2026, simply ordered the parties to file a Joint Status Report no later than October 7, 2026, proposing a schedule "for any interim deadlines the Parties find necessary in light of the new schedule for

summary judgment briefing, including any deadlines for meet and confer discussions and the submission of a *Vaughn* index." Plaintiffs' position statement, however, appears to go beyond what was required by the Court. While Defendants cannot directly respond in a comprehensive fashion to any extraneous material in Plaintiffs' position statement at this time, it reserves the right to do so in the future, to the extent necessary.

Further, on October 7, 2026, the parties, through counsel, conferred and Plaintiffs made it clear that they would like for the opportunity to review a draft declaration and *Vaughn* index prior to the filing of the parties' cross-motions for summary judgment so that the parties can narrow as much as possible the number of disputed issues in this case. At this time, then, Defendants will make every effort to provide Plaintiffs with a draft declaration and *Vaughn* index by October 28, 2026, but only if the summary judgment briefing schedule is vacated. Defendants note that Plaintiffs—despite wishing to negotiate and to narrow the number of disputed issues in this case—continue to oppose vacating the summary judgment briefing schedule, while Defendants believe that it does not make sense for them to provide a draft declaration and *Vaughn* index prior to when their motion for summary judgment is due as a condition for negotiating with Plaintiffs. From Defendants' point-of-view, it would be easier for them to simply file their declaration and *Vaughn* index on the date that their motion for summary judgment is due and to let Plaintiffs specify what they wish to challenge in their cross-motion for summary judgment. Therefore, if the summary judgment deadlines are vacated, then Defendants will provide a draft declaration and *Vaughn* index on October 28, 2026; but if the briefing schedule remains in place, then Defendants will adhere to the existing briefing deadlines without providing Plaintiffs with a draft declaration and *Vaughn* index prior to the due date for their motion for summary judgment.

Finally, should the Court decide to vacate the briefing deadlines, Defendants propose that the parties file another Joint Status Report on or before November 30, 2026, in which the parties update the Court on the status of the FOIA request and regarding what challenges, if any, Plaintiffs wish to raise via summary judgment briefing after their review of the draft declaration and *Vaughn* index.

Dated: October 8, 2026

Respectfully submitted,

/s/ Fithawi Berhane
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*

/s/ Linnea Cipriano
Linnea Cipriano (NY Bar No. 4913158)
Lauren Kuehn Pelletier (NY Bar No. 5581160)
Olubukola Ayetiwa (NY Bar No. 6063523)
Shauna Perigo (NY Bar No. 6277495)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: +1 212 813 8800
Fax: +1 212 355 3333
LCipriano@goodwinlaw.com
LPelletier@goodwinlaw.com
OAyetiwa@goodwinlaw.com
SPerigo@goodwinlaw.com
Admitted *pro hac vice*

Cassandra Snyder (DC Bar No. 1671667)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036-1612
Tel: +1 202 346-4218
Cassandrasnyder@goodwinlaw.com

*Counsel for Plaintiffs*

Yulie Landan (CA Bar No. 348958)*+
National Immigration Project
1763 Columbia Rd. N.W.
Suite 175 #896645
Washington, DC 20009
(504) 569-5650
yulie@nipnlg.org

*Pro hac vice application forthcoming
+ Not admitted in DC; working remotely from New York and admitted in California only

*Counsel for Plaintiff National Immigration Project*

Chris Opila (DC Bar No. 90029724)
Raul A. Pinto (DC Bar No. 90013180)

AMERICAN IMMIGRATION COUNCIL
PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699
copila@immcouncil.org
rpinto@immcouncil.org

*Counsel for Plaintiff American Immigration Council*