# EXHIBIT A

**From:** Pelletier, Lauren Kuehn
**To:** Perigo, Shauna; Berhane, Fithawi (USADC)
**Cc:** DG-NIP/AICFOIA
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878
**Date:** Wednesday, October 7, 2026 11:02:04 AM
**Attachments:** image001.png
image002.png
image003.png
image004.png
image005.png
image006.png
image007.png
2026-10-07 Joint Status Report.docx

---

Isaac,

As discussed, please find attached the current draft of the JSR.

In addition, Plaintiffs provide the following list of specific concerns thus far, which have been identified throughout our prior communications but are reproduced here, and are based on the limited search information provided. These are provided without waiving Plaintiffs' right to raise additional issues or clarifying questions as Defendants work to satisfy their obligation to provide a thorough search description.

- **Lack of information regarding search methodology:**
  - Missing detail in the search description provided for ICE's searches:
    - Temporal scope of each search
    - Rationale for the selected custodians
    - Rationale for the selected repositories, including why OPLA was deemed not to have responsive records
    - Search term mechanics—were Boolean searches used? What search strings were used?

      -
- **Lack of confirmation on search results:**
  - Lack of confirmation of whether Defendants followed the obvious leads identified in the productions on April 30, 2026, and, if not, why:
    - the February 7 Front Office guidance
    - Director Vitello's custody-release guidance
    - the ERO Release Report/SharePoint record
  - No production or status update for the two pages referred to DHS Headquarters in April 2026, including when DHS will complete its direct response.
  - No explanation of the absence of responsive statistical data and records concerning parole, bond, custody determinations, re-detention, and Director-level release approval.

- **<u>Lack of clarification and further detail regarding Defendants' withholdings:</u>**
    - Lack of draft *Vaughn* index for each exemption that has not been waived.
    - Lack of information sufficient to assess the propriety of particular withholdings—we have received only a statement of the exemptions asserted.
    - For example, we have so far communicated the following issues with respect to Defendants' withholdings:
        - No confirmation that all remaining Exemptions 6, 7(C), and 7(F) redactions are limited to the conceded categories: email addresses, telephone numbers, and noncitizen PII.
        - For the Exemption 3 withholding, lack of identification of the specific withholding statute, relevant provision, protected category of information, and why it applies to the redacted material.
        - For each remaining Exemption 5 withholding, lack of identification of the precise privilege asserted and provide the necessary basis—for deliberative process, the decision-making process, role of the material, and foreseeable harm; for attorney-client or work product, the nature and purpose of the communication and basis for confidentiality.
        - Lack of clarification of the apparent inconsistency between ICE's statement that all Exemption 5 withholdings were lifted and the remaining Exemption 5 markings in the August re-release and State referral.
        - For the State Department's Exemption 7(A) withholding, lack of identification of the enforcement proceeding, the category of withheld information, and how disclosure could interfere with that proceeding.
        - For the Exemption 7(E) FAQ redactions, lack of identification of the technique, procedure, or guideline involved; explanation of whether it is publicly known and how disclosure could risk circumvention of the law; and identification of any reasonably segregable material.
        - Lack of production of a document-specific explanation for the State Department referral's remaining withholdings, rather than only generic definitions of the exemptions.

To permit Plaintiffs to evaluate Defendants' searches and withholdings and to identify any remaining issues with specificity, Plaintiffs request that Defendants provide: (1) a

supplemental description of their searches, including the information missing and detailed above; (2) an update regarding the pages referred to DHS Headquarters; and (3) a draft *Vaughn* index of the remaining withholdings, identifying the information withheld, the exemption asserted, the factual and legal basis for the exemption, any reasonably segregable material, and the foreseeable harm from disclosure, by October 14, 2026.

Best regards,
Lauren

**Lauren Kuehn Pelletier**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 212 459 7492
f +1 212 355 3333
LPelletier@goodwinlaw.com

---

**From:** Perigo, Shauna <sperigo@goodwinlaw.com>
**Sent:** Tuesday, October 6, 2026 2:25 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>; Pelletier, Lauren Kuehn <LPelletier@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

Hi Isaac,

Thanks for confirming. 4:00 p.m. is the only time that works for all members of our team. We will send you a draft of the Joint Status Report, as it stands, in advance of the call, along with our discussion points.

After the call, we can incorporate any additional points discussed into the JSR.

Thanks,
**Shauna Perigo**
Associate

Goodwin Procter LLP

The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 917 229 7506
f +1 212 355 3333
sperigo@goodwinlaw.com

---

**From:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Sent:** Tuesday, October 6, 2026 2:16 PM
**To:** Pelletier, Lauren Kuehn <LPelletier@goodwinlaw.com>; Perigo, Shauna <sperigo@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

***EXTERNAL***

Apologies – while I'm still free at 4pm, I just realized we have a JSR due tomorrow, in which we're being asked to propose a schedule for further proceedings. Since we'll likely discuss the JSR tomorrow, a meeting earlier in the day would perhaps be better, so that we have sufficient time before COB to brief our clients on what we've discussed.

---

**From:** Berhane, Fithawi (USADC)
**Sent:** Tuesday, October 6, 2026 12:41 PM
**To:** 'Pelletier, Lauren Kuehn' <LPelletier@goodwinlaw.com>; Perigo, Shauna <sperigo@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

4pm is fine by me. Thanks.

---

**From:** Pelletier, Lauren Kuehn <LPelletier@goodwinlaw.com>
**Sent:** Tuesday, October 6, 2026 12:39 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>; Perigo, Shauna <sperigo@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: National Immigration Project v. ICE, et al., 25-1878

Isaac,

We are available to discuss tomorrow at 4pm. Please confirm that that time works on your end.

Best regards,

Lauren

**Lauren Kuehn Pelletier**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 212 459 7492
f +1 212 355 3333
LPelletier@goodwinlaw.com

---

**From:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Sent:** Tuesday, October 6, 2026 10:26 AM
**To:** Perigo, Shauna <sperigo@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

***EXTERNAL***
Are you available today before 1pm or from 2pm-3pm? Otherwise I'm free pretty much all day tomorrow.

---

**From:** Perigo, Shauna <sperigo@goodwinlaw.com>
**Sent:** Friday, October 2, 2026 4:37 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: National Immigration Project v. ICE, et al., 25-1878

Hi Isaac,

We do not believe further back-and-forth by email will be productive. Are you available to confer by phone or videoconference next week?

If so, Plaintiffs will provide a concise bulleted list of the information we seek in advance of the call so that the parties are on the same page regarding Plaintiffs' requests.

Thank you,
**Shauna Perigo**
Associate

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 917 229 7506
f +1 212 355 3333
sperigo@goodwinlaw.com

---

**From:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Sent:** Friday, October 2, 2026 2:45 PM
**To:** Perigo, Shauna <sperigo@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

***EXTERNAL***
Hello,

Thank you for your message. As an initial matter, I will see what I can get from the consulting agencies/agency components.

With that being said, there is a basic problem here. Initially, when Mr. Ayetiwa was my contact for this case, Plaintiffs continuously demanded what would amount to a draft declaration (as opposed to a search description) and a *Vaughn* index before our searches and productions were even complete. Such an approach doesn't make sense, and to the extent that we conceded to Plaintiffs' demands, it would only have created more and unnecessary work for us by having to produce such drafts with every production while also disadvantaging Plaintiffs by making them wait longer and longer for interim productions to go out.

Now, while Plaintiffs seem nominally in favor of trying to narrow the issues as much as possible, Plaintiffs are demanding a declaration and a *Vaughn* index in advance of any deadlines while insisting that we proceed to briefing. Again, this doesn't make a whole lot of sense. We shouldn't be proceeding to briefing if Plaintiffs aren't even sure what they want to challenge yet. If Plaintiffs want to review a draft declaration and *Vaughn* for the purposes of narrowing, I can check to see what the agency is willing/able to produce and in what timeframe. Otherwise, Plaintiff's current position, as far as I understand it, is that the agency effectively agree to brief this case before any briefs are filed as a condition of negotiation.

So, if you're willing to negotiate (and you've already said you are), then I will check with

the agency to see what I can get you and by when, although I do believe the search description we've provided already provides a lot of information. But if you insist on going to briefing, then the only thing that I can tell you is that you will have an opportunity to review our declaration and *Vaughn* when we make our filing.

Bests,
Isaac

---

**From:** Perigo, Shauna <sperigo@goodwinlaw.com>
**Sent:** Monday, September 28, 2026 10:29 AM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: National Immigration Project v. ICE, et al., 25-1878

Hi Isaac,

In light of the Court's Minute Order, we write to follow up on the Government's search description and the remaining search, production, and withholding issues.

As Plaintiffs explained in prior correspondence, and most recently in its opposition to the Government's motion for vacatur (ECF No. 35), the search description provided to date does not permit a meaningful evaluation of Defendants' searches. Among other things, it does not identify the temporal scope of the searches; explain the rationale for the selected custodians, repositories, or search terms; identify the search mechanics or search strings used; or address whether Defendants followed the specific leads identified in Plaintiffs' August 19 email. It also does not address DHS's searches, the outstanding April 2026 DHS Headquarters referral, or the basis for the decision not to search OPLA.

The Government likewise has not provided the document-specific withholding information necessary to assess the remaining exemption claims. As we have explained, Plaintiffs seek a draft *Vaughn* index or equivalent descriptions identifying the information withheld, the exemption asserted, the factual and legal basis for the exemption, any reasonably segregable material, and the foreseeable harm from disclosure.
Please let us know the agencies' anticipated timeline for providing a supplemental search description and draft *Vaughn* index or equivalent withholding descriptions. We also request a telephonic or videoconference meet and confer to discuss the parties' respective search descriptions and the remaining withholding issues.

In light of the October 7 deadline for the parties' joint status report, and the Court's direction to propose a schedule for further meet-and-confers and the submission of a draft *Vaughn* index, the parties should be prepared to discuss their respective proposals at the meet-and-confer. Please provide your availability for a meet-and-confer before October 5.

Best,
**Shauna Perigo**
Associate

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 917 229 7506
f +1 212 355 3333
sperigo@goodwinlaw.com

---

**From:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Sent:** Monday, September 14, 2026 10:13 PM
**To:** Perigo, Shauna <sperigo@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

***EXTERNAL***
Hello,

Please see the promised search description from ICE.

Bests,
Isaac

---

**From:** Berhane, Fithawi (USADC)
**Sent:** Friday, August 28, 2026 10:22 AM
**To:** 'Perigo, Shauna' <sperigo@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

Hello,

Thank you for reaching out.

Since you appear to be waiving any challenges to the withholdings pursuant to FOIA Exemptions (b)(6), (b)(7), and (b)(7)(F) for purposes of our conversations, and we already lifted all the withholdings pursuant to (b)(5) in our initial productions (the policy materials, etc., provided before I came on to this case), then am I right to surmise that this only leaves us with the (b)(5) and (b)(3) withholdings in our most recent supplemental productions? I just wanted to confirm this point with you to make sure we're all on the same page.

If this is the case, we can provide you with the requested search description, and perhaps an explanation of the withholdings referenced above. Later on, we may be able to provide you with a more comprehensive *Vaughn* as well. However, just so you're aware, it will be easier for us to provide satisfactory descriptions of the rationale for our withholdings if Plaintiff provides its specific objections to our withholdings, so we would appreciate it if Plaintiff can provide us with that information whenever possible.

Finally, it simply doesn't make any sense to me for us to prepare motions for summary judgment while we're still in the meet-and-confer stage. You can of course oppose the motion I intend to file, but I will be moving to vacate the existing briefing schedule.

Bests,
Isaac

---

**From:** Perigo, Shauna <sperigo@goodwinlaw.com>
**Sent:** Friday, August 28, 2026 10:05 AM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: National Immigration Project v. ICE, et al., 25-1878

Hi Isaac,

Please let us know if you can provide the requested information to allow for a meaningful meet-and-confer.

Thank you,
**Shauna Perigo**
Associate

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

o +1 917 229 7506
f +1 212 355 3333
sperigo@goodwinlaw.com

---

**From:** Perigo, Shauna
**Sent:** Wednesday, August 19, 2026 1:08 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

Hi Isaac,

Thank you for your response. As an initial matter, we note that we have yet to receive the amended supplemental production you describe in your email.

Plaintiffs remain interested in a meaningful dialogue to resolve or narrow the issues before summary judgment briefing. Defendants' latest email, however, still does not provide the information necessary for Plaintiffs to assess the reasonableness of Defendants' searches or evaluate the remaining withholdings.

To begin narrowing the issues in good faith, Plaintiffs are willing to drop any challenges to the withholding of email addresses, phone numbers, and noncitizen PII withheld under Exemptions 6, 7(C), and/or 7(F). Plaintiffs reserve all rights with respect to other withholdings pending receipt of sufficient information from Defendants.

With respect to the remaining withholdings, Plaintiffs have asked for clarification regarding Defendants' apparent withholdings under Exemption 5 (*see* Bates Nos. 2025-ICLI-00070 000056-58) and Exemption 3 (*see* Bates Nos. 2025-ICLI-00070 000030). To evaluate these and any other withholdings made, Plaintiffs repeat our request for a draft *Vaughn* index, or equivalent descriptions sufficient to allow Plaintiffs to evaluate Defendants' asserted exemptions. Any descriptions should include the basis for each exemption and the foreseeable harm from disclosure. Please confirm whether Defendants agree to provide this information.

With respect to Defendants' searches, your identification of the components tasked with searching does not allow Plaintiffs to assess whether the searches themselves were reasonable. To facilitate a meaningful meet-and-confer, please provide a draft search declaration, or equivalent information, describing the searches performed. At a minimum, any search description should include:

- the offices, systems, locations, and repositories searched

- the custodians or personnel from which documents were collected
- any search terms or keywords used
- any date ranges applied; and
- the basis for concluding that the locations searched were reasonably likely to contain responsive records.

Please confirm whether Defendants agree to provide this information.

This information is imperative to evaluate Defendants' searches, which appear to be deficient and have failed to capture all responsive records. As the D.C. Circuit has explained, agencies must do more than conduct perfunctory searches. They are required to "follow through on obvious leads to discover requested documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999). Here, the documents produced to date identify several such leads, including the "guidance received on February 7, 2025, by the ICE Front Office" referenced in 2025-ICLI-00070 000024, 27, 31-32, 39-40, and 46-47 but not produced; "Acting ICE Director Vitello's guidance on ICE custody releases" referenced in 2025-ICLI-00070 000036 but not produced; and the "ERO Release Report" referenced in 2025-ICLI-00030, but not produced. These references not only suggest the existence of additional responsive records, but they also raise questions regarding whether Defendants pursued these obvious leads and searched all locations reasonably likely to contain responsive materials. Where a requester identifies potentially responsive records that were not located through an agency's search, the agency must "explain those holes in the record" so that the Court may evaluate whether the absence of those materials has been adequately accounted for. *DaVita Inc. v. U.S. Dep't of Health & Hum. Servs.*, No. CV 20-1798 (BAH), 2021 WL 980895, at *7 (D.D.C. Mar. 16, 2021).

In light of our outstanding requests for information, Plaintiffs do not agree to vacate the summary judgment deadline at this time. Should Defendants provide information sufficient to allow Plaintiffs to evaluate Defendants' searches and withholdings, Plaintiffs would be willing to discuss a one-month extension to the summary judgment briefing schedule to facilitate a meaningful conference between the parties.

Best regards,

**Shauna Perigo**
Associate

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue

New York, NY 10018
o +1 917 229 7506
f +1 212 355 3333
sperigo@goodwinlaw.com

---

**From:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Sent:** Monday, August 17, 2026 3:14 PM
**To:** Perigo, Shauna <sperigo@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

***EXTERNAL***
Hello,

Apologies for the belated response.

As an initial matter, you should be receiving an amended supplemental production shortly from ICE. State's production, which will only consist of a couple of pages, should have already went out. With that productions will be/are complete.

Regarding the search timeline, that issue is now moot. As indicated, searches have been completed and production is completed as well.

Further, as for the issues raised in your January email: Regarding the search reasonableness, I can share that the components tasked were Enforcement and Removal Operations (ERO), Office of Regulatory Affairs and Policy (ORAP) and the Office of the Director (OD). These were deemed by ICE FOIA to be the appropriate components after careful evaluation as the most likely to possess or control potentially responsive records. The mere fact that the documents you believe exist or were expecting to receive were not found does not, by itself, indicate that the search was unreasonable. There is ample case law to support this position. With that said, you may be able to raise a genuine dispute of material fact regarding search reasonableness if you can provide some evidentiary basis for saying that not all locations reasonably likely to have responsive records were searched. If you can provide that evidence, I am happy to forward it to ICE for their consideration.

If there's anything else, please let me know, but so long as we're conferring and so long as you are interested in meaningful dialogue meant to resolve or at least narrow the issues, I would suggest that we vacate the MSJ deadline while we do so.

Bests,
Isaac

---

**From:** Perigo, Shauna <sperigo@goodwinlaw.com>
**Sent:** Tuesday, August 11, 2026 1:35 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: National Immigration Project v. ICE, et al., 25-1878

Hi Isaac,

We are following up on the below. Please let us know if you can provide the requested information so that we can have a productive meet-and-confer.

Thank you,
**Shauna Perigo**
Associate

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 917 229 7506
f +1 212 355 3333
sperigo@goodwinlaw.com

---

**From:** Perigo, Shauna
**Sent:** Thursday, August 6, 2026 4:29 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>; Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

Dear Isaac,

Thank you for your email. We agree that it makes sense to determine whether there are issues that can be narrowed through the meet-and-confer process. To do so, however, we require additional information.

Under the parties' agreed schedule, the agencies' deadline to complete their production passed on August 4, 2026. The agencies have not indicated whether their production is complete, whether additional productions are forthcoming, or whether any responsive

records remain subject to ongoing review. Please confirm no later than COB today that production is complete from Defendants' perspective, or whether Plaintiffs should expect additional documents.

Regarding the sufficiency of Defendants' searches, we do not have the information that would allow us to meaningfully confer regarding the searches conducted by Defendants. As you know, we have been seeking additional information regarding the agencies' searches for several months, including the search terms used, custodians, and sources of collection. We repeatedly sought this information in an effort to meaningfully evaluate the productions.

For example, on **January 8, 2026**, Olubukola Ayetiwa raised several questions concerning both the searches and the asserted withholdings related to the agencies' first interim production. For example, he requested a description of the searches completed to date, including the custodians, search terms, and the rationale for selecting those custodians and search terms. He also sought clarification regarding several asserted exemptions to better understand the agencies' positions and determine whether disputes could be resolved without motion practice.

We did not receive a substantive response, and Mr. Ayetiwa followed up on **January 14** and again on **January 26**, asking to discuss those matters collaboratively at that stage. In response, Defendants refused to provide this information and characterized such requests as premature.

Again, during the parties' discussions regarding the **May 6 Joint Status Report (ECF No. 27)**, Mr. Ayetiwa explained that Plaintiffs required descriptions of both the agencies' searches and their withholdings in order to meaningfully meet and confer and identify the appropriate scope of summary judgment briefing. Plaintiffs continued to propose deadlines in the case for Defendants to provide descriptions of their searches as well as their withholdings and to provide a draft Vaughn index ahead of any summary judgment briefing to facilitate meaningful discussions as to the searches performed and exemptions asserted. Defendants rejected these efforts. *See* ECF No. 14 (Dec. 17, 2025 JSR); ECF No. 15 (Feb 10, 2026 JSR); ECF No. 23 (March 17, 2026 JSR); ECF No. 27 (May 6, 2026 JSR); ECF No. 28 (June 5, 2026 JSR); *see also* ECF No. 25 (Opp. to Motion to Stay).

Against that backdrop, we appreciate your invitation to discuss narrowing the issues. However, as reflected in our prior correspondence, we need additional information regarding how Defendants' searches were performed and the basis for the Exemptions invoked in order to meaningfully confer. We will need this information ahead of any

meet-and-confer.

In addition to our previous requests, it appears from our review that Defendant ICE may have invoked Exemption 5 for Bates Nos. 2025-ICLI-00070 000056–58 and Exemption 3 for Bates No. 2025-ICLI-00070 000030, yet the production letters accompanying those documents do not identify those exemptions or explain the basis for the withholdings. Please provide your justification for these withholdings.

Our objective remains the same as it has been throughout this litigation: to identify any issues that can be resolved without requiring judicial intervention and to narrow those that cannot. To that end, if the agencies are willing to provide additional information requested above, we would welcome the opportunity to confer regarding the agencies' productions and searches.

Best,

**Shauna Perigo**
Associate

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 917 229 7506
f +1 212 355 3333
sperigo@goodwinlaw.com

---

**From:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Sent:** Wednesday, August 5, 2026 2:41 PM
**To:** Perigo, Shauna <sperigo@goodwinlaw.com>; Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

***EXTERNAL***
Hello,

I'm just circling back to this matter since the MSJ deadline is approaching. Any response would be appreciated.

Bests,
Isaac

---

**From:** Berhane, Fithawi (USADC)
**Sent:** Wednesday, July 29, 2026 12:57 PM
**To:** 'Perigo, Shauna' <sperigo@goodwinlaw.com>; OAyetiwa@goodwinlaw.com
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

Hello all,

I hope you're well. Given that our summary judgment deadline is approaching, I wanted to see if you've had an opportunity to review the productions thus far. Unless you say otherwise, I assume you will want to challenge everything from the search to all the withholdings, but the normal practice is for us to meet and confer before dispositive motion briefing to see if any of the issues can be narrowed.

In addition, assuming you are not satisfied with the searches conduction, you can let me know why you are dissatisfied and I can ask the agency if there's a supplemental search they can agree to perform in order to moot your challenge to the search; as well, if you're willing to forgo any challenge to any of our withholdings in exchange for us lifting certain redactions, please let me know.

Bests,
Isaac

---

**From:** Perigo, Shauna <sperigo@goodwinlaw.com>
**Sent:** Wednesday, July 15, 2026 4:25 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: National Immigration Project v. ICE, et al., 25-1878

Isaac,

Thank you for the update.

Plaintiffs oppose the requested extension based on the information available to them. The agency has not offered any cause, let alone a good one, for the requested extension. *See* Fed. R. Civ. P. 6(b)(1). It is also making the request a few hours before close of business on the day of the deadline when it is apparent from the requested three-week extension that it has known for a while that it could not meet the Court's deadline.

Plaintiffs are open to changing their position on the requested extension to "non-

opposition" if the government details in its motion its best efforts to comply with the Court's order, how many pages remain for it to process, why it could not process those pages by today (including when it started to do so), and why it cannot process those pages before the requested deadline.

Best,

**Shauna Perigo**
Associate

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 917 229 7506
f +1 212 355 3333
sperigo@goodwinlaw.com

---

**From:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Sent:** Wednesday, July 15, 2026 4:24 PM
**To:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** Re: National Immigration Project v. ICE, et al., 25-1878

***EXTERNAL***
Just circling back since COB is approaching. I intend to file no later than 5pm.

---

**From:** Berhane, Fithawi (USADC)
**Sent:** Wednesday, July 15, 2026 11:54:30 AM
**To:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

Hello,

I hope you're well. I believe the consultation records were ordered released today. While you received one portion on July 6th, and another should be going out today, there's a remaining portion that won't be ready for a timely release. We intend to ask the Court to extend the deadline to August 4th, and to extend the summary judgment briefing deadlines by a corresponding number of days. I assume your opposition, but since the Local Rules require me to ask, I did want to take your position before anything got filed.

Bests,
Isaac

---

**From:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Sent:** Friday, June 5, 2026 5:35 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: National Immigration Project v. ICE, et al., 25-1878

Received. We will proceed with filing.

---

**From:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Sent:** Friday, June 5, 2026 5:16 PM
**To:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

***EXTERNAL***
Here are my edits. Feel free to file as-is.

---

**From:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Sent:** Friday, June 5, 2026 4:53 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: National Immigration Project v. ICE, et al., 25-1878

Here's plaintiffs' position. If you don't have any additional changes let us know. Please note that it took several days to get a response from you. Thanks.

---

**From:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Sent:** Friday, June 5, 2026 4:51 PM
**To:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

***EXTERNAL***
Given the hour, I will go ahead and file ICE's statement separately. I will drop a footnote saying that we were not able to timely prepare a JSR because I circulated a draft a 120pm on the due date. If there's anything worth responding to in your statement, I will address it at a later date.

---

**From:** Berhane, Fithawi (USADC)
**Sent:** Friday, June 5, 2026 1:20 PM
**To:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

Please disregard the prior email. Here is a draft. Please let me know if you have any edits.

---

**From:** Berhane, Fithawi (USADC)
**Sent:** Friday, June 5, 2026 1:17 PM
**To:** 'Ayetiwa, Olubukola' <OAyetiwa@goodwinlaw.com>
**Cc:** 'DG-NIP/AICFOIA' <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

It appears that I'm going to have to get a 7-day extension on this one since I don't have the information the court is requesting from ICE. I assume your opposition to the motion, but either way, please let me know your position when you can.

---

**From:** Berhane, Fithawi (USADC)
**Sent:** Friday, June 5, 2026 12:06 PM
**To:** 'Ayetiwa, Olubukola' <OAyetiwa@goodwinlaw.com>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** RE: National Immigration Project v. ICE, et al., 25-1878

Apologies for the delayed response. However, I have actually been trying to obtain relevant info since the beginning of this week. I have none so far.

---

**From:** Ayetiwa, Olubukola <OAyetiwa@goodwinlaw.com>
**Sent:** Thursday, June 4, 2026 10:23 AM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: National Immigration Project v. ICE, et al., 25-1878

Following up on the below. Thanks.

---

**From:** Ayetiwa, Olubukola
**Sent:** Tuesday, June 2, 2026 1:58 PM
**To:** Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>
**Cc:** DG-NIP/AICFOIA <DG-NIPAICFOIA@goodwinlaw.com>

**Subject:** National Immigration Project v. ICE, et al., 25-1878

Counsel,

As we approach the JSR deadline this Friday, please provide the Government's position regarding (1) when it anticipates completing its review of the documents currently undergoing consultation and (2) when it anticipates completing production of those documents.

We would appreciate your response at your earliest convenience so that we may accurately address these issues in the JSR.

Best,

Bukie

**Olubukola Ayetiwa**
*he/him/his*
Associate

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 917 229 7579
f +1 212 355 3333
OAyetiwa@goodwinlaw.com

*****************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*****************************************************************